# United States District Court
# District of Massachusetts

UNITED STATES OF AMERICA,

      V.                              CRIMINAL NO. 2004-10385-MEL

JEROME WEEKS,
      Defendant.

## *MEMORANDUM*
## *AND ORDER OF DETENTION*
## *PURSUANT TO 18 U.S.C. § 3142(e)*

COLLINGS, U.S.M.J.

Jerome Weeks ("Weeks" or "the defendant") appeared on January 21, 2005 with counsel for a detention hearing.  He is charged with "knowingly" possessing a firearm and ammunition on October 23, 2004, having previously been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1).

The purpose of a detention hearing is as stated in the statute - i.e., "...to determine whether any condition or combination of conditions...(of release) will reasonably assure the appearance of the person as required and the safety

of any other person and the community...".

It is important to note that the statute, 18 U.S.C. § 3142(e), contains a presumption which is applicable to the case at bar.  The statute provides:

> In a case described in subsection (f)(1) of this section, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community if such judicial officer finds that-
>
> > (1) the person has been convicted of a Federal offense that is described in subsection (f)(1) of this section or of a State or local offense that would have been an offense described in subsection (f)(1) of this section if a circumstance giving rise to Federal jurisdiction had existed;
> >
> > (2) the offense described in paragraph (1) of this subsection was committed while the person was on release pending trial for a Federal, State or local offense; and
> >
> > (3) a period of not more than five years has elapsed since the date of conviction, or the release of the person from imprisonment, for the offense described in paragraph (1) of this subsection, whichever is later.

The instant case is one "...described in subsection (f)(1)..." of section 3142, specifically subsection (f)(1)(D).[1]  Weeks was convicted of assault and

---

[1]

By using subsection (f)(1)(D), the Court sidesteps the rather uncertain question as to whether a violation of 18 U.S.C. § 922(g)(1) is a "crime of violence." *See Leocal v. Ashcroft,* ___ U.S. ___ , 125 S. Ct. 377 (2004).

battery in the Concord District Court on December 16, 1998.   He was also convicted of possession with intent to distribute a Class B substance in the Somerville District Court on March 7, 2000.  The first is a "crime of violence" as defined in 18 U.S.C. § 3156(a)(4)(A)  which provides:

> (4) the term "crime of violence" means -
>
>> (A) an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the *person...of another*...

Emphasis supplied.

The second is a drug offense for with a maximum prescribed prison term of ten years or more.

So, in the words of 18 U.S.C. § 3142(f)(1)(D), Weeks has been convicted of "two...State...offenses that would have been offenses described in subsections (A) and (C) (18 U.S.C. § 3142(f)(1)(A)(C)) if a circumstance giving rise to Federal jurisdiction had existed...".   Thus, the first requirement of the presumption has been met.

As to the second requirement, on the date on which he committed these crimes, i.e., August 20, 1998 and January 3, 2000, Weeks was on release from the Somerville District Court and Roxbury District Court respectively.

Lastly, as to the third requirement, not more than five years have elapsed since April of 2000 when he was sentenced to six months' imprisonment for violating probation on the Concord case and March 7, 2000 when he was sentenced to one years' imprisonment on the possession with intent to distribute Class B substance case.

Thus, it is presumed that no conditions or combination of conditions of release will reasonably assure the safety of other persons and the community. Although the First Circuit has not had occasion to construe this presumption, I will assume that, if faced with the question, the First Circuit would construe it the same way it construed the second presumption contained in 18 U.S.C. § 3142(e) in the case of *United States v. Jessup,* 757 F.2d 378 (1 Cir., 1985). The presumption does not shift the burden of persuasion to the defendant; it does place a burden of production on the defendant, and even if evidence to meet that burden is produced, the presumption does not disappear. The Court is permitted to incorporate into the calculus Congress' judgment that defendants who have recently been convicted of felonies which were committed when they were on release (or bail) are dangerous and pose a particularly great risk to the safety of other persons and the community.

In the case instant case, the defendant has utterly failed to meet his burden of production. The defendant offered no evidence at the detention hearing, and the facts counsel proferred related only to risk of flight, not to dangerousness. Therefore, he will be detained on the basis of the presumption.

Accordingly, pursuant to 18 U.S.C. § 3142(e), it is ORDERED that the defendant be, and he hereby is, DETAINED pending trial of the charge contained in the above-styled Indictment. Pursuant to 18 U.S.C. § 3142(e), the written findings of fact and a written statement of reasons for the detention are contained *supra*. Further pursuant to 18 U.S.C. § 3142(i), it is ORDERED that:

> (l)  The defendant be, and he hereby is, committed to the custody of the Attorney General for confinement in a corrections facility, separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;
>
> (2)  The defendant be afforded reasonable opportunity for private consultation with his counsel; and
>
> (3)  On Order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to an authorized Deputy U. S. Marshal for the purpose of any appearance in connection with a court proceeding.

Review of the within Detention Order may be had by the defendant filing

a motion for revocation or amendment of the within Order pursuant to l8

U.S.C. § 3145(b).

*/s/ Robert B. Collings*

ROBERT B. COLLINGS
United States Magistrate Judge


Date: January 24, 2005.