UNITED STATES OF AMERICA
DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 2004-10385-MEL

UNITED STATES OF AMERICA

v.

JEROME WEEKES

**MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF DETENTION**

The defendant has moved for reconsideration of the Court's order of detention. Contrary to the government's contention, which was adopted by the Court because it was not contested by the defendant's prior attorney, the defendant was not convicted of assault and battery in the Concord District Court on December 16, 1998. He was convicted of assault.

Accordingly, the Court should find that there are conditions which will reasonably assure the appearance of the defendant as required and the safety of any other person and the community.

Independent of the mistaken finding that the defendant previously was convicted of assault and battery in the Concord District Court, the pending case is not one which is described in 18 U.S.C. § 3142(f)(1)(D). Specifically, the defendant has not previously been convicted of two or more offenses described in 18 U.S.C. §§ 3142(f)(1)(A)-(C). The defendant has been convicted of a § 3142(f)(1)(C) drug offense. He has not been convicted of a § 3142(f)(1)(A) crime of violence.

A crime of violence, for purposes of § 3142(f) means an offense that has an element of the offense the use, attempted use, or threatened use of physical force against the person of another. 18 U.S.C. § 3156(a)(4)(A). In Massachusetts, the crime of assault requires only proof an overt act undertaken with the intention of putting another person in fear of bodily harm and reasonably calculate to do so, whether or not the defendant actually intended to harm the victim. <u>Commonwealth v. Melton</u>, 50 Mass.App.Ct. 637 (2001), <u>aff'd</u>, 436 Mass. 291 (2002). In Massachusetts, there is no requirement of the use, attempted use, or threatened use of physical force to place another person in fear of bodily harm. A Massachusetts assault differs greatly from an assault in other states. In states, such as Maine, an assault involves bodily injury or unwanted contact. <u>United States v. Gignac</u>, 119 F.3d 67, 69 (1997). Under federal sentencing law, only an aggravated assault is a crime of violence. <u>United States v. White</u>, 354 F.3d 841, 844 (2004) ("An aggravated assault is "a felonious assault that involved (A) a dangerous weapon with intent to cause bodily injury (i.e., not merely to frighten) with that weapon; (B) serious bodily injury; or (C) an intent to commit another felony.") <u>citing</u> U.S.S.G. §2A2.2, comment, (n.1).

In that there should not be § 3142(e) presumption that no conditions or combination of conditions will reasonably assure

the safety of the community, the Court should reconsider its order of detention.  Even if the Court were to rule that the 1998 Concord assault conviction was a crime of violence, the Court still should reconsider detention.

**RECOMMENDED CONDITIONS OF RELEASE:**

The defendant recommends the following conditions of release:

1. The defendant shall reside in his residence, 64 Otis Street, Brockton, Massachusetts, and be monitored with an electronic monitoring devise.
2. The defendant shall remain in his residence except when he is working for Nice Cars Auto Sales located at 241 Garden Street, Cambridge, Massachusetts (see attached letter from employer) and to attend religious services.
3. The defendant shall execute a bail bond secured by the house the defendant owns.  The defendant owns a two-family house at 62-64 Otis Street, Brockton, Massachusetts.  He lives on one side and rents the other side.  The house is worth $340,000, subject to a $300,000 mortgage.
4. Any additional conditions recommended by the Court or Pretrial Services.

**FACTORS SUPPORTING RELEASE:**

1. When the defendant originally was arrested on state charges associated with the incident which gave rise to the instant

   offense a Massachusetts Bail Commissioner set bail at $1,000.00.  Bail was posted and the defendant appeared in the Brockton District Court.

2. The defendant's most recent convictions were for disturbing the peace and resisting arrest in September 2002 and disorderly conduct and threats in March 2002.

3. The defendant has not been convicted of committing a felony since he admitted to committing a drug offense in Sommerville, Massachusetts in January 2000.

4. The defendant's only court defaults as an adult were technical defaults.  He has never failed to appear in court when he had proper notice.

5. The defendant is a life-long Boston/Brockton area resident.  All of his family lives in Massachusetts.  He is employed and owns revenue producing property in Brockton.

6. The defendant has a one year old child, who lives in Worcester, Massachusetts with the child's mother.

7. Even though the defendant was on probation when he was accused of committing the instant offense, the defendant was complying with the conditions of his probation.  The defendant was in compliance with his twice-monthly reporting requirement to Quincy District Court Probation Officer Melissa Haynes.

8. In consideration of his conviction for assault in 1998, the

      defendant participated in and completed an anger management program at the Middlesex County House of Correction.

9. In consideration of his conviction for a drug violation in 2000, the defendant participated in and completed a drug intervention program and anger management program at the Suffolk County House of Correction.

10. The evidence supporting the government's allegations against the defendant establish probable cause but are less than overwhelming. The defendant was never seen possessing a firearm. He was never seen discharging a firearm. The government does not have any DNA or fingerprint evidence linking the defendant to the seized firearm. The firearm was found on the ground where other persons had been and where at least one other person had struggled with the police.

**CONCLUSION:**

All of the factors mentioned above are factors which, when considered, pursuant to 18 U.S.C. § 3142(g), should convince the Court that the recommended conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community.

Respectfully Submitted,
JEROME WEEKES,

By his attorney:

_____
J. THOMAS KERNER
MA BBO # 552373
Attorney at Law
230 Commercial Street
Boston, MA  02109
(617) 720-5509

UNITED STATES OF AMERICA
DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 2004-10385-MEL

UNITED STATES OF AMERICA

v.

JEROME WEEKES

**DEFENDANT'S ADHERENCE TO LOCAL RULE 7.1
AND REQUEST FOR A HEARING FOR MOTION FOR RELEASE**

The defendant has filed a motion for reconsideration of the Court's order of detention, requesting this Honorable Court to enter an order that the defendant shall be released upon conditions.

The defendant's attorney complied with Local Rule 7.1 by calling the government's attorney on February 16, 2005, to inform the government that defense counsel intended to file this motion. The parties could not reach an alternative agreement.

**REQUEST FOR ORAL ARGUMENT**

The defendant requests the Court to conduct hearing on this motion at the Court's earliest convenience.

Respectfully Submitted,
JEROME WEEKES,

By his attorney:

_____
J. THOMAS KERNER
MA BBO # 552373
Attorney at Law
230 Commercial Street
Boston, MA  02109
(617) 720-5509



# Nice Cars

*Automobiles for Sale*

241 GARDEN STREET
Cambridge, MA. 02138
DEALER # 28
Phone (617) 233-9894

December 3, 2004

To: Whom it may concern,

    Jerome Weeks is an Independent Contractor through Nice Cars, a used car sales business. I am the owner of the business and he is a representative of the company authorized to buy & sell cars. He has been employed close to a year now and is the leading sales representative of this company. He is very committed to his work and continues to excel the most. He has a lot of business relationships that has helped the progress of multiple companies and I know he will continue to be successful if he remains productive. He has secured land to operate on his own with another colleague and has been very responsible and punctual. I recommend assisting him with no doubts that he will be successful as a businessman in a few years. For any questions or concerns please feel free to contact me.

Sincerely,

Joseph Pierre
Owner / CEO

| CRIMINAL DOCKET | 9847CR001319 | ATTORNEY NAME | | |
|---|---|---|---|---|
| COURT DIVISION: Concord | ☐ INTERPRETER REQUIRED | DATE and JUDGE | DOCKET ENTRY | |

**NAME, ADDRESS AND ZIP CODE OF DEFENDANT**
WEEKES, JEROME
87 COLLEGE AVENUE
MEDFORD, MA 02155

Date and Judge: 8/26/98

Docket Entry:
- ☒ Attorney appointed (SJC R. 3:10)
- ☐ Atty denied and Deft Advised per 211D §2A
- ☐ Waiver of counsel found after colloquy

Terms of release set: 6,000/600
- ☐ PR   ☒ Bail
- ☐ Held (276 §58A)
- ☐ See back for special conditions

Arraigned and advised:
- ☒ Potential of bail revocation (276 §58)
- ☒ Right to bail review (276 §58)
- ☐ Right to drug exam (111E §10)

| DEFT. DOB AND SEX | 02/15/1980  M | | |
|---|---|---|---|
| DATE OF OFFENSE(S) 07/20/1998 | PLACE OF OFFENSE(S) CONCORD | | Advised of right to jury trial:<br>☐ Does not waive<br>☒ Waiver of jury trial found after colloquy |
| COMPLAINANT KENNEDY, JOHN   WARRANT | POLICE DEPARTMENT CONCORD PD | 10-16-98 McKenna | Advised of trial rights as pro se (Supp. R. 4)<br>Advised of right of appeal to Appeals Ct (R. 28) |
| DATE OF COMPLAINT 07/22/1998 | RETURN DATE AND TIME | | |

| COUNT/OFFENSE | FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT |
|---|---|---|---|---|---|
| 1. 265/15B/A ASSAULT W/DANGEROUS WEAPON c265 §15B | | | | | 35 ☐ WAIVED |

DISPOSITION DATE and JUDGE: 10-16-98 McKenna

DISPOSITION METHOD:
- ☒ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning
- ☐ Bench Trial
- ☐ Jury Trial
- ☐ None of the Above

FINDING:
- ☐ Not Guilty
- ☒ Guilty
- ☐ Not Responsible
- ☐ Responsible
- ☐ No Probable Cause
- ☐ Probable Cause

SENTENCE OR OTHER DISPOSITION:
1 yr HOC, 6 months to serve, bal susp 2 yrs with prob to 10-15-00 [illegible handwriting] - stay away from victim & Walden Pond

FINAL DISPOSITION:
- ☐ Dismissed on recommendation of Probation Dept.
- ☐ Probation terminated: defendant discharged

[additional empty count blocks repeat the same template]

ATTEST: A TRUE COPY OF THE RECORD
[signature] James Clark
CONCORD DIV.
CLERK-MAGISTRATE

COURT ADDRESS
Concord District Court
305 Walden Street
Concord, MA 01742

A TRUE COPY ATTEST: X   CLERK-MAGISTRATE/ASST. CLERK   ON (DATE)

☐ ADDITIONAL COUNTS ATTACHED