UNITED STATES OF AMERICA
DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 2004-10385-MEL

UNITED STATES OF AMERICA

V.

JEROME WEEKES

## MOTION TO SUPPRESS SEARCH AND SEIZURE -- CELL PHONE

Now comes the defendant and pursuant to F.R.Crim.P. 41 and 12(b)(3)(C), moves this Honorable Court to enter an order suppressing for this case and all others the seizure of the defendant's cell phone by the Brockton Police on October 23, 2004.

The defendant contends that the seizure violated his rights pursuant to the Fourth Amendment to the United States Constitution.

**Facts:**

On October 23, 2004, the defendant was chased by a Brockton Massachusetts police officer. Prior to being chased by the police officer the defendant had not committed any crime nor had he committed any act which would have warranted the police to stop, or question the defendant. Without reasonable suspicion nor probable cause the Brockton police officer ordered the defendant to stop. The defendant elected not to stop and the police officer started to chase after the defendant. Fearing for his safety, the defendant fled down a street into a parking

lot.  The defendant ran through the parking lot up to a chain link fence.  Once at the fence the police officer grabbed at the defendant.  The defendant scaled the fence.  While the defendant was climbing the fence, the police officer knocked the defendant's cell phone from the defendant's person to the ground.  Still fearing for his safety, the defendant fled from the police officer.

Subsequently, the police retrieved the cell phone and now intend to introduce the cell phone into evidence during the defendant's trial.  The police contend that the cell phone somehow connects the defendant to a firearm which also was seized by the police near the fence the defendant was climbing on October 23, 2004.

**Argument:**

The defendant did not abandoned the cell phone.  Cf. Abel v. United States, 362 U.S. 217, 241 (1960) (if a defendant abandons property while he is being pursued by police officers, he forfeits any reasonable expectation of privacy he may have had in that property).  On the contrary, the defendant contends that the police officer's pursuit of the defendant was unconstitutional and the seizure of the cell phone should be suppressed as a fruit of an illegal search.  California v. Hodari D., 499 U.S. 621, 629 (1991); United States v. Lewis, 40 F.3d 1325, 1334 (1st Cir. 1994).

**Request for Hearing and Oral Argument**

A Hearing is necessary to establish the facts on which the Court will decide this motion. Oral argument will assist the court decide this motion. Accordingly, the defendant requests both an evidentiary hearing and oral argument.

**Respectfully Submitted,
JEROME WEEKES,**

**By his attorney:**

_____
**J. THOMAS KERNER
MA BBO # 552373
Attorney at Law
230 Commercial Street
Boston, MA  02109
(617) 720-5509**

UNITED STATES OF AMERICA
DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 2004-10385-MEL

UNITED STATES OF AMERICA

V.

JEROME WEEKES

## AFFIDAVIT IN SUPPORT OF MOTION TO SUPPRESS

Now comes the defendant and attests to the following:

On October 23, 2004, I was chased by a Brockton Massachusetts police officer. Prior to being chased by the police officer I had not committed any crime nor had I committed any act which would have warranted the police to stop, or question me. Without reasonable suspicion nor probable cause the Brockton police officer ordered me to stop. I elected not to stop and the police officer started to chase after me. Fearing for my safety, I fled down a street into a parking lot. I ran through the parking lot up to a chain link fence. Once at the fence the police officer grabbed at me. I scaled the fence. While I was climbing the fence, the police officer knocked my cell phone from my person to the ground. Still fearing for my safety, I fled from the police officer.

Subsequently, the police retrieved the cell phone and now intend to introduce the cell phone into evidence during my trial. The police contend that the cell phone somehow connects me to a firearm which the police also claim they seized near the

fence I was climbing on October 23, 2004.

Sworn to under the pains and penalties of perjury on this ___ day of April, 2005.

**[ORIGINAL TO BE FILED]**
**JEROME WEEKES**