# United States District Court
# District of Massachusetts

UNITED STATES OF AMERICA

    v.                                            CRIMINAL NO. 04-10385-MEL

JEROME WEEKS,
       Defendant.

## *ORDER ON MOTION FOR RECONSIDERATION OF DETENTION (#117) AND ORDER SETTING CONDITIONS OF RELEASE*

COLLINGS, U.S.M.J.

    After numerous hearings, it is ORDERED that the Motion for Reconsideration of Detention (#17) be, and the same hereby is, ALLOWED. The Court finds that there is a combination of conditions of release which will reasonably assure the appearance of the defendant and the safety of other persons and the community. Accordingly, the Court sets the following

Conditions of Release:

(1) The defendant shall sign a bond in the amount of $15,000 secured by the equity in the real estate owned by the defendant at 62 Otis Street, Brockton, Massachusetts.

(2) The defendant shall live only at 1215 Blue Hill Avenue, (3rd floor), Mattapan, Massachusetts ("the residence") and at no other location.

(3) Defendant's counsel shall procure and file a Certificate of Good Title to the residence before the defendant's release.

(4) Defendant's counsel shall file a current appraisal of the residence before the defendant's release.

(5) Defendant shall execute a document subordinating the Declaration of Homestead to the property interest of the United States created by the execution of the deed and mortgage in the United States' favor.

(6) Defendant's counsel shall record the mortgage and the subordination on the next business day following the defendant's release and shall file a copy of the mortgage and subordination evidencing the recording within three business days after the defendant's release.

(7) The defendant shall be subject to electronic monitoring at the residence and may not leave the residence except (a) for the purpose of attending a previously scheduled appearance in a court, (b) for the purpose of visiting an attorney who is representing him in a pending criminal matter and (c) for the purpose of seeking emergency medical care. Permission to leave the residence for the above-stated purposes (a), (b), (c) or (d) is conditioned on the defendant complying with all of the requirements imposed by the Pre-Trial Services. Permission is further conditioned on the third-party custodian being in the defendant's actual physical presence at all times at which he is out of the residence for one of the purposes listed above.

(8) All features on the telephone which are incompatible with electronic monitoring must be removed prior to the defendant's release.

(9) The defendant is released into the Third Party Custody of Mary Frances O'Garro.

(10) The defendant shall not apply for a passport or any type of travel documents while on release.

(11) The defendant shall not possess any firearms, destructive devices or dangerous weapons while on release and there shall be no such firearms, destructive devices or dangerous weapons in the residence.

(12) The defendant shall not use alcohol to excess and shall not use or possess any narcotic controlled substance except by prescription from a licensed medical practitioner.

(13) The defendant shall submit to random drug testing by Pre-Trial Services.

(14) The defendant shall notify Pre-Trial Services within twenty-four (24) hours if he is arrested.

(15) The defendant's travel is restricted to Massachusetts.

(16) The defendant shall not violate any Federal, state or local law while on release, including the provisions of 18 U.S.C. §§ 1503, 1512 and 1513.

When the defendant is able to meet these conditions, his counsel shall notify the Court and the Court will schedule a release hearing. At the hearing,

Mrs. O'Garro must be present in person.

/s/ Robert B. Collings
ROBERT B. COLLINGS
United States Magistrate Judge

Date: May 6, 2005.