## QUITCLAIM DEED

Jerome Weekes, Individually, of 62-64 Otis Street, Brockton, Massachusetts,

for consideration

grant to The United States of America with quitclaim covenants:

The land in Brockton, Plymouth County, Massachusetts with the buildings thereon situated on the easterly side of Otis Street and bounded and described as follows:

Beginning on said street at the northwesterly corner of said lot as land n/f of John Trigg and then running easterly by the fence on hundred forty three (143) feet to the brook; thence running southeasterly by the brook to land n/f of Thomas and Mary Lynch, thence running westerly be said Lynchs's land and by land of one McIntree to the street; thence northerly by the street to the point of beginning.

For title reference, see Deed dated August 27, 2004 and recorded at the Plymouth County Registry of Deeds at Book 28960, Page 219.

Executed this 18th day of May, 2005

JEROME WEEKES

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS                                                May 18, 2005

Then personally appeared the above named Jerome Weekes and acknowledged the foregoing to be his free act and deed.

CARLOS J. DOMINGUEZ,
Notary Public
Howe and Bainbridge Building
232 Commercial Street
Boston, MA 02109
(617) 742-2824

My commission expires:
1/23/07

## MORTGAGE

THIS MORTGAGE is made this 18th day of May, 2005, between Jerome Weekes, Individually, presently residing at 62-64 otis Street, Brockton, Massachusetts(herein "Mortgagor"), and the Clerk of the United States District Court for the District of Massachusetts, United States Courthouse, 1 Courthouse Way, Boston, Massachusetts (herein "Mortgagee").


WITNESSETH, for consideration paid and to secure a personal bond of even date for Jerome Weekes (herein "Defendant") in Criminal No. 04-10385-MEL, before the United States District Court for the District of Massachusetts (herein "Court"), in the amount of Fifteen Thousand and 00/100 ($ 15,000.00 )Dollars executed by the Defendant/Mortgagor in favor of the United States of America, and to secure due observance and performance of the obligation, terms, and conditions as set forth in an Order Setting Conditions of Release dated May 6, 2005, and filed with the Court, and to further secure the performance of all other covenants and agreements of or by the Defendant/Mortgagor, herein for the benefit of the Mortgagee, which may now exist or may hereafter exist or accrue while this Mortgage is still undischarged of record, and in furtherance of and pursuant to an escrow agreement made this day between the Defendant/Mortgagor, the United States Attorney for the District of Massachusetts and the Mortgagee, the Defendant/Mortgagor hereby mortgages, with power of sale, the following parcel of real property, with the following covenants thereon, situate, lying and being in the County of Plymouth, State of Massachusetts and more particularly described in the following deed:

     A deed from Kiowe O. Smith
     to Jerome Weekes
     dated August 27, 2004, and recorded in the Plymouth County,
     Massachusetts Registry of Deeds
     at Book 28960, Page 219


TOGETHER with all improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents, royalties, mineral, oil and gas rights and profits, water, water rights, and water stock, and all fixtures now or hereafter attached tot he property, all of which including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the foregoing, together with said property are hereinafter referred to as the "Property."

-2-

THE MORTGAGOR(S) covenant with the Mortgagee as follows:

1.  That the Mortgagor(s) shall pay the indebtedness as hereinbefore provided.

2.  That the Mortgagor(s) will keep the Property insured against loss by fire or hazards included within the term "extended coverage" for the benefit of the Mortgagee; that the Mortgagor(s) will assign and deliver the policies to the Mortgagee; and that the Mortgagor(s) will reimburse the Mortgagee for any premiums paid on insurance made by the Mortgagee on the Mortgagor(s)'s default in so insuring the Property or in so assigning and delivering the policies. However, the Mortgagee shall never be required to maintain insurance of any type or description on the Property.

3.  That the Mortgagor(s) shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property, and no building on the Property shall be removed or demolished without the consent of the Mortgagee.

4.  That the Mortgagor(s) will pay all taxes, assessments or water rates, and in default thereof, the Mortgagee may, but is not required to, pay the same. In the event that the Mortgagee elects not to pay the same, the Mortgagee is not required to so notify the Mortgagor(s).

5.  That the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, said proceeds not to exceed the dollar amount of the personal bond secured by this Mortgage, shall be delivered to the Mortgagee, who shall hold such proceeds in a non-interest bearing escrow account until either (A) the personal bond has been discharged by the Court, whereupon, and only upon an order of the Court, the Mortgagee shall deliver said proceeds to the Mortgagor(s), or (2) the Defendant fails to observe the Order Setting Conditions of Release and is defaulted by a judicial officer of the Court, whereupon the proceeds shall be disbursed for the benefit of the United States of America in accordance with, and only upon, an order of the Court.

6.  That notice and demand or request may be made in writing and may be served in person or by mail.

7.  That the Mortgagor(s) will warrant and defend the title to the Property against all claims and demands.

8.  That the Mortgagor(s) will create no further encumbrances of any kind against the Property.

-3-

9.    That the Defendant/Mortgagor, in case a sale shall be made
      under the power of sale, will upon request, execute,
      acknowledge and deliver to the purchaser or purchasers a
      deed or deeds of release confirming such sale, and that the
      Mortgagee is appointed and constituted the attorney
      irrevocable of the Mortgagor(s) to execute and deliver to
      said purchaser a full transfer of all policies of insurance
      on the Property at the time of such sale.

10.   That the holder of this Mortgage, in any action to foreclose
      it, shall be entitled to the appointment of a receiver.

11.   Notwithstanding any other agreement between the Mortgagor(s)
      and Mortgagee, or any provision of law, the Mortgagee shall
      not be required to discharge this Mortgage except upon order
      of the Court.  It shall be the obligation of the
      Mortgagor(s) to furnish the Mortgagee with a certified copy
      of said order.

      IN WITNESS WHEREOF, this Mortgage has been duly executed by
      the Mortgagor(s).


_____          _____
JEROME WEEKES


_____          _____


                    _____

                    COMMONWEALTH OF MASSACHUSETTS
SUFFOLK, SS                                                May 18, 2005

      Then personally appeared the above named Jerome Weekes and acknowledged the foregoing to
be his free act and deed.


                              CARLOS J. DOMINGUEZ,
                              Notary Public
                              Howe and Bainbridge Building
                              232 Commercial Street
                              Boston, MA 02109
                              (617) 742-2824

                              My commission expires:

                              1/23/09

## HOMESTEAD SUBORDINATION

Jerome Weekes, Individually, of 62-64 Otis Street, Brockton, Massachusetts,

**Whereas**, undersigned has acquired, or may have acquired, homestead rights in and to the hereinafter described real property, and is, or may be, entitled to claim a "homestead exemption", and

**Whereas**, the undersigned is executing a Mortgage with the Clerk of the United States District Court for the District of Massachusetts [hereinafter, the District Court], to secure a personal bond in the amount of Fifteen Thousand and 00/100 ($15,000) Dollars in favor of the District Court encumbering the hereinafter described real property.

**Now Therefore**, for consideration, the undersigned does hereby subordinate any homestead rights to which the undersigned is or may be entitled in or against the hereinafter described real property to the lien of said mortgage and personal bond, which real property is situated in the Count of Plymouth, Commonwealth of Massachusetts, to-wit:

The land in Brockton, Plymouth County, Massachusetts with the buildings thereon situated on the easterly side of Otis Street and bounded and described as follows:

Beginning on said street at the northwesterly corner of said lot as land n/f of John Trigg and then running easterly by the fence on hundred forty three (143) feet to the brook; thence running southeasterly by the brook to land n/f of Thomas and Mary Lynch, thence running westerly be said Lynchs's land and by land of one McIntree to the street; thence northerly by the street to the point of beginning.

For title reference, see Deed dated August 27, 2004 and recorded at the Plymouth County Registry of Deeds at Book 28960, Page 219.

Executed this 18th day of May, 2005.

JEROME WEEKES

**COMMONWEALTH OF MASSACHUSETTS**

SUFFOLK, SS                                                                May 18, 2005

Then personally appeared the above named Jerome Weekes and acknowledged the foregoing to be his free act and deed.

CARLOS J. DOMINGUEZ,
Notary Public
Howe and Bainbridge Building
232 Commercial Street
Boston, MA 02109
(617) 742-2824

My commission expires:  1/13/09

2

## ESCROW AGREEMENT

ESCROW AGREEMENT entered into this ___13th___ day of
_____May_____, 2005, among ___Jerome Weekes___
(herein "Surety"), Michael J. Sullivan, in his official capacity
as United States Attorney for the District of Massachusetts
(herein "United States Attorney"), and Tony Anastas, in his
official capacity as Clerk of the United States District Court
for the District of Massachusetts (herein "Escrow Agent").

WHEREAS the Surety is desirous of effecting the release of
_____Jerome Weekes_____ (herein "Defendant") in
Criminal No. ___2004-10385-mel___, on the terms and
conditions of bail set forth in an Order Setting Conditions of
Release (herein "Bail Order") dated ___May___, 2005
and entered by the Honorable ___Robert B Collings___,
United States District Judge/Magistrate Judge, and has agreed to
execute a personal bond in the amount of ___Fifteen Thousand___
___and 00/100___ ($ 15,000.00 ) Dollars (herein "Personal
Bond") to secure the Defendant's compliance with the terms and
conditions of the Bail Order.

NOW THEREFORE, in consideration of the mutual covenants and
agreements contained herein, the parties hereto agree as follows:
1.    The Surety shall execute a quitclaim deed to the parcel of
real property located at ___62-64 Otis St., Brockton, MA___
_____ in favor of the United States of America,
and deliver said deed to the Escrow Agent to be held in escrow
pursuant to the terms of this Agreement.

2.    The Surety further agrees to execute any additional documents
and take any action necessary to effectuate the transfer of said
parcel of real property and facilitate the sale of such property
in the event that the Defendant is in default of the terms and
conditions of the Bail Order or Personal Bond.

3.    The Escrow Agent shall hold the quitclaim deed in escrow
under the following terms and conditions:

     A    In the event that the Defendant fails to appear as
required at all proceedings in Criminal No. ___2004-10385-mel___
or otherwise violates any condition of bail, and Defendant is
declared to be in default by a judicial officer of the United
States District Court for the District of Massachusetts, then,
upon order of the Court, and in lieu of or in addition to
foreclosure proceedings on any mortgage granted by the Surety,
the Escrow Agent shall tender the quitclaim deed to the United
States Attorney, and he shall cause the same to be immediately
recorded without notice to the Surety. Any requirement that
foreclosure proceedings be commenced upon any mortgage granted by
the Surety in connection with Criminal No. ___2004-10385-mel___
is expressly waived by the Surety.

     B    This Agreement shall terminate upon the final

-2-

disposition of Criminal No. 04-10385-MEL and written discharge of
the bond provided to the Surety by the United States of America.
Upon such termination, and upon order of the Court, the Escrow
Agent shall deliver the Quitclaim deed to the Surety.

5.    The Validity and construction of this Agreement shall be
      governed by the law of the Commonwealth of Massachusetts.

6.    This Escrow Agreement shall be binding upon and shall inure
      to the benefit of the parties hereto and their respective
      successors, assigns and personal representatives.

      **IN WITNESS WHEREOF,** this Mortgage has been duly executed by
      the Mortgagor(s).


      **ESCROW AGENT:**                      **SURETY:**

      **TONY ANASTAS, CLERK OF COURT**

      By: _____           _____
             Deputy Clerk                    **JEROME WEEKES**


      **MICHAEL J. SULLIVAN,**
      **UNITED STATES ATTORNEY**

      By: _____
             **Asst. U.S. Attorney**
             WAQAR HASIB for AUSA WILLIAM CONNOLLY

                          COMMONWEALTH OF MASSACHUSETTS
SUFFOLK, SS                                                        May 18, 2005

        Then personally appeared the above named Jerome Weekes and acknowledged the foregoing to
be his free act and deed.

                                    _____
                                    CARLOS J. DOMINGUEZ,
                                    Notary Public
                                    Howe and Bainbridge Building
                                    232 Commercial Street
                                    Boston, MA 02109
                                    (617) 742-2824

                                    My commission expires:

                                    1/23/07