```
            UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
                            )
        v.                  )    CR. NO. 04-10385-MEL
                            )
JEROME WEEKS                )
```

### SUPPLEMENTAL OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS

The United States submits the following supplemental opposition to defendant Jerome Weeks' ("Weeks") Motion to Suppress. In support of its supplemental opposition, the United States says the following:

1. The government relies primarily on its previously filed "Opposition To Defendant's Motion To Suppress".

2. Because he refused to testify at the suppression hearing on November 28, 2005, defendant Weeks' affidavit, submitted in support of his original motion to suppress, <u>and</u> his original motion to suppress and supporting memorandum, must, for the purposes of this motion be stricken. See <u>United States v. Baskin</u>, No. 03-1695 (1st Cir. Sept. 7, 2005). Weeks sought the suppression evidentiary hearing <u>only</u> based on his mere assertion in his affidavit that the police officer improperly "knocked my cell phone from my person to the ground" while pursuing him following the shooting on October 24, 2004. Affidavit of Jerome Weeks at 1. Only his unsupported assertion in his affidavit arguably put any fact in question, thereby entitling Weeks to an evidentiary hearing on his suppression motion if he testified at

the hearing.[1]  Id.  When he refused to take the witness stand at the suppression hearing and answer questions concerning the allegations in his affidavit, he eliminated the prosecution's ability to test the truth of his affidavit.  Consequently, the affidavit, and the motion based only upon that affidavit, must be stricken.  Id. At p.p. 4-6.

   3.   Weeks' newly-asserted contention (that Officer Darrah had no reason to suspect that Weeks or Brown had fired a gun because of the location where shell casings were recovered) is without merit.  First, contrary to his assertion, there is no evidence that the shell casings were found "30 feet" from where Officer Darrah said he saw muzzle flashes.  Moreover, an infinite number of factors could have influenced where the shell casings were ultimately discovered including for example: the hard surface on which the casings may have bounced; wind; the casings being unintentionally kicked by the two men running; and the precise manner in which the gun was held when it was fired.

---

[1] At the status conference on November 14, 2005, Weeks' counsel explicitly agreed that he would call Weeks to testify at the suppression hearing, (allowing the government to question him concerning the assertions in his affidavit), thereby prompting the government to conclude that Weeks was then, and only then, entitled to an evidentiary hearing.  Relying upon defense counsel's statement, the government, as a matter of courtesy, put its witnesses on first, assuming that counsel would live up to his agreement and call Weeks to testify.

Second, Officer Darrah, had just seen Weeks and Brown, and no one else, at the location where the shots were fired. He then saw them (and only them) running from that location, running away from him after they saw him, and disobeying his order for them to stop. The suggestion that it was not reasonable for Officer Darrah to suspect that they had fired the shots in question is frivolous. See more generally the government's previously filed Opposition To Defendant's Motion To Suppress.

                                          Respectfully submitted,

                                          MICHAEL J. SULLIVAN
                                          United States Attorney

                          By:  /s/ Christopher F. Bator
                                Christopher F. Bator
                                Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

        Thomas Kerner, Esq.
        230 Commercial Street
        Boston, MA 02109