```
          UNITED STATES OF AMERICA
               DISTRICT COURT
           DISTRICT OF MASSACHUSETTS

         CRIMINAL NO. 2004-10385-MEL

           UNITED STATES OF AMERICA

                      V.

                 JEROME WEEKES
```

## MOTION IN LIMINE

Now comes the defendant and moves this Honorable Court to consider the following requests regarding the management of the defendant's trial:

**1.  Bifurcation.**

The trial should be bifurcated on the issues of possession of the firearm and the defendant's prior criminal record.  The jury should not be told about the defendant's prior felony conviction(s) at the start of trial, but instead should be told that the case does not involve simple possession of a weapon, but rather that there is an additional critical element that will be submitted for its consideration after it decides the threshold issue of possession.  See United States v. Belk, 346 F.3rd 305, 310 (2nd Cir. 2003) (a district court's bifurcation of the separate elements of a § 922(g)(1) indictment is not prohibited); cf. United States v. Collamore, 868 F.2d 24 (1st Cir. 1989).

A Collamore-like stipulation can satisfy the Collamore court's concerns that bifurcation would cause the jury to

question whether what the accused did was a crime. See 868 F.2d at 28. ("...[P]ossession of a firearm by most people is not a crime. A juror who owns or who has friends and relatives who own firearms may wonder why [the defendant's] possession was illegal. Doubt as to the criminality of [the defendant's] conduct may influence the jury when it considers the possession element."). The parties simply can further stipulate during the possession stage of the bifurcated proceeding that "due to applicable statutory law the defendant was not authorized or permitted to possess a firearm."

It is the defendant's contention that a judge may make a discretionary ruling to bifurcate the trial. Bifurcation is necessary to prevent prejudice that would result from the jury being presented with evidence of prior convictions when it considers the issue of possession of a firearm. Under this proposal, only if the government proves the possession element would the Court inform the jury that it must also find that defendant had been convicted of a felony prior to his possession of the gun. The defendant has agreed to stipulate that the firearm had entered interstate commerce. It is the defendant's intent to stipulate to the prior felony conviction element of 922(g)(1), should the jury find that he possessed the firearm.

**2. Missing Witness Instruction.**

It is the defendant's intent to subpoena Kelvin Brown as a

witness at trial. It is the defendant's understanding that Mr. Brown will invoke his rights pursuant to the 5th Amendment to the United States Constitution and refuse to testify. Once Mr. Brown invokes his 5th Amendment rights he is a witness who is uniquely available only to the government. Only the government may grant him immunity to testify. Mr. Weekes does not have that ability to obtain testimony. Provided the government does not offer Mr. Brown immunity to testify in Mr. Weekes trial, the Court should provide the jury with a missing witness instruction. United States v. Pérez, 299 F.3d 1 (1st Cir. 2002).

If it is peculiarly within the power of the government to produce a witness who could give material testimony, or if a witness would normally be expected to support the government's version of the events, the failure to call that witness may justify an inference that his testimony would be unfavorable to the government. No such inference is justified if the witness is equally available to both parties, if the witness would normally not be expected to support the government's version of the events, or if the testimony would merely repeat other evidence. See United States v. Anderson, (1st Cir. No. 05-1872., p. 15).

Previously, the government presented evidence during a motion to suppress hearing which demonstrated that it is the

government's contention that Mr. Brown was with Mr. Weekes when Weekes possessed a firearm on October 23, 2004. The government maintains that Weekes possessed the gun. In fact, even though both Weekes and Brown were initially arrested and charged with possessing the gun by the Brockton Police, only Weekes was indicted by the United States while charges against Brown were dismissed. The government will maintain at trial that the evidence supports only one conclusion that Weekes, not Brown, possessed the gun. Pursuant to the government's theory, Mr. Brown is the only known person who could have seen whether Mr. Weekes possessed and discharged the gun. Accordingly, Mr. Brown would be expected to support the government's version of the events. His testimony would not merely repeat other evidence.

Mr. Weekes cannot compel Mr. Brown to testify by offering him immunity. The government, if it wants to, can. As the government has routinely demonstrated in thousands of trials, if it wants a person's testimony it gets the testimony.

**3. Rule 609 Evidence.**

The defendant has agreed with the government that, should the Court determine that it cannot bifurcate the trial as per request 1, he and the government will stipulate that he has been convicted in a court of a crime punishable by imprisonment for a term exceeding one year. See United States v. Tavares, 21 F.3d 1 (1st Cir. 1994). Accordingly, since the government will have

before the jury evidence that the defendant is a convicted felon, the Court should exercise its discretion and, should the defendant elect to testify, prohibit the government from further attacking the defendant's credibility with specific evidence of any of his prior convictions.[1]  See <u>United States v. Tracy</u>, 36 F.3d 187, 193 (1st Cir. 1994) (prior convictions which qualify pursuant to Rule 609(1) may be admitted for impeachment purposes only if the court determines that the probative value of admitting this evidence outweighs it prejudicial effect to the accused while all prior convictions which qualify pursuant to Rule 609(2) are admitted for impeachment purposes).

The defendant has not been convicted of a Rule 609(2) crime which involved dishonesty or false statement.  By the defendant's count he has between 6 and 8 convictions from 1998 through 2003, which arguably qualify under Rule 609(1).  The

---

[1]     Fed.R.Evid. 609 states in relevant part:
(a) General rule. For the purpose of attacking the credibility of a witness,
(1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs it prejudicial effect to the accused; and
(2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.

crimes include resisting arrest, drug distribution, receiving stolen property, assault and battery, attempted larceny and violating a no contact order.  None of those types of crimes directly relate to his credibility.  As opposed to the situation in Tracy, at 192-193, evidence that a defendant committed any of the 6 to 8 crimes described above would in no way discredit the defendant's anticipated testimony.[2]

The defendant is expected to state that he did not possess a gun the evening of October 23, 2006 and that it was he and Brown who were shot at by an individual in a car which then sped past Weekes and Brown in one direction while Weekes and Brown fled in the opposite direction.  Weekes has no personal knowledge how the gun which was discharged came to be discovered by the police next to where Brown was captured.

As previously stated, the government will have before the jury evidence that the defendant is a convicted felon.  It will be unduly prejudicial to the defendant and of no probative value to allow the government to impeach the defendant's credibility with convictions of crimes that have nothing to do with credibility or truthfulness.  Such evidence will simply

---

[2] In Tracy, the trial court agreed with the government that evidence of Tracy's prior convictions was necessary to discredit his testimony on direct examination to the effect that he could not appreciate the nature and quality or wrongfulness of his acts.  36 F.3d at 192-193.

constitute piling on (to the stipulation that the defendant has a prior felony conviction) of evidence ordinarily excluded pursuant to Fed.R.Evid. 403 and 404(b). It is simply far too likely that the jury will "stick" the gun on the defendant once the jury learns that he is a convicted drug dealer, thief and/or batterer.

          **Respectfully Submitted,**
          **JEROME WEEKES,**

          **By his attorney:**


          _____
          **J. THOMAS KERNER**
          **MA BBO # 552373**
          **Attorney at Law**
          **343 Commercial St. Unit 104**
          **Boston, MA  02109**
          **(617) 720-5509**