UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA   )
                           )   CRIMINAL NO. 04-10385-MEL
        V.                 )
                           )
JEROME WEEKS               )
```

**<u>OPPOSITION TO DEFENDANT'S MOTION IN LIMINE</u>**

The United States opposes defendant Jerome Weeks' ("Weeks") Motion In Limine.  In support of its opposition, the government states the following.

    1.  <u>Bifurcation</u>

As noted in the defendant's Motion (at p.1), First Circuit precedent requires that his motion be denied.  <u>United States v. Collamore</u>, 868 F.2d 24, 27-28 (1st Cir. 1989); <u>United States v. Tavares</u>, 21 F.3d 1, 3 (1st Cir. 1994) (affirming <u>Collamore</u> in relevant part).

    2.  <u>Immunity/Missing Witness Instruction</u>

Defendant's assertion that the government must give Kelvin Brown immunity or he is entitled to a missing witness instruction is without merit.  First, Weeks' assertion concerning the possible substance of Kelvin Brown's possible testimony is pure speculation.  He submits no proffer or credible basis for his claim.  Second, "the power to confer witness immunity has been given to the prosecutor, no the judge." <u>United States v. Mackey</u>, 117 F.3d 24, 27 (1st Cir. 1997) citing 18 U.S.C. §6003.  In

general, courts have no power to compel immunity in the face of a good faith refusal by the prosecutor. Id. at 28. Here, Weeks has provided no basis, other than unsupported speculation, for his request for immunity. He has not and cannot establish governmental bad faith.

The government believes that, if granted immunity, Kelvin Brown may very well lie to protect his friend. Moreover, granting Brown immunity would undermine possible future prosecution of Brown. The defendant's request should be denied. Id.

3. Rule 609 Evidence

By the government's count, the defendant has eleven (eleven!) Potentially admissible convictions pursuant to Rule 609.

- Violation of the Abuse Prevention Act 3/2/98
- Attempted Larceny 3/2/98
- Assault and Battery 10/19/98
- Assault and Battery With A Dangerous Weapon 12/16/98
- Receiving Stolen Property 10/19/98
- Distributing Cocaine 11/20/00
- Possession With Intent To Distribute Cocaine 3/7/00
- Threatening Bodily Harm 5/21/02
- Resisting Arrest 1/13/03
- Battery 11/5/02 (District of Florida)

      - Resisting Arrest 11/6/02 (District of Florida)

Consequently, it would be unfair and significantly misleading for him to testify and present himself as having but one unnamed felony conviction. This is particularly true in a felon-in-possession case that is a credibility contest between the defendant and the police officers. See <u>United States v. Brito</u>, 427 F.3d 53, 64 (1st Cir. 2005), a felon-in-possession case, as here, in which the court stated:

> "Perhaps most important, this [felon-in-possession] case hinged on a credibility choice; the jury had to decide whether to believe the appellant or the police officers. The salience of the issue weighs in favor of admitting the prior convictions."

<u>Id</u>, citing cases.

    The government would propose to impeach the defendant using only a small number of his convictions, and, in particular, his drug convictions. "Prior drug-trafficking crimes are generally viewed as having some bearing on veracity." <u>Brito</u>, 427 F.3d at 64; <u>United States v. Gant</u>, 396 F.3d 906, 909-10 (7th Cir. 2005 (finding drug-trafficking offense probative of credibility in gun possession case) and <u>United States v. Lattner</u>, 385 F.3d 947, 961 (6th Cir. 2004)(similar). In the alternative, the government would propose to introduce the <u>number</u> of weeks' prior felony convictions, a procedure approved by the First Circuit in another

3

felon-in-possession case, <u>United States v. Powell</u>, 50 F.3d 94, 101-102 (1st Cir. 1995).

                                                   Respectfully submitted,

                                                   MICHAEL J. SULLIVAN
                                                   United States Attorney

                                      By: <u>/s/CHRISTOPHER F. BATOR</u>
                                                   Assistant U.S. Attorney

                                                   Date: September 14, 2006


<u>CERTIFICATE OF SERVICE</u>

    I, CHRISTOPHER F. BATOR, certify that I have served a copy of the above upon all counsel of record by electronic filing.

                                                 <u>/s/CHRISTOPHER F. BATOR</u>
                                                 Assistant U.S. Attorney

                                                 Date: September 14, 2006