UNITED STATES OF AMERICA
DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 2004-10385-MEL

UNITED STATES OF AMERICA

v.

JEROME WEEKES

RESPONSE TO GOVERNMENT'S OPPOSITION TO
MOTION TO RECONSIDER DENIAL OF RULE 29(c) MOTION

    Now comes the defendant and seeks leave to file this brief response to the government's opposition. This response is limited to certain representations in the government's opposition. It is the defendant's contention that otherwise, his motion and initial supporting memorandum are sufficient.

**Government's Contention that Defendant Failed to Establish Basis to Claim Witness Unavailability.**

    The government, at page 6 of its opposition, claims that Weekes did not establish that Brown was unavailable. The government contends that Weekes asserted without any supporting documentation, affidavits or other corroboration that from May 6, 2005 up to the date of trial Weekes made an exhaustive effort to locate Mr. Brown and secure his presence at trial.

    The government seems to have forgotten the representations which were proffered to the Court in the presence of the prosecutor in chambers immediately before Mr. Weekes testified. The government additionally forgot that During Mr. Weekes' testimony when his attorney asked Mr. Weekes what contact he had

with Mr. Brown since the October 2004 incident, the government objected to that question and the Court instructed defense counsel not to inquire of that subject matter.

In the Court's chambers, prior to Weekes' testimony, defense counsel proffered that the defendant was confined from the date of his Brockton District Court arraignment, October 25, 2004, until May 6, 2005. From May 6, 2005 up to the date of trial, Mr. Weekes made an exhaustive effort to locate Mr. Brown to secure his presence at trial. The only pretrial contact that Mr. Weekes was able to make with Mr. Brown was on one occasion, well prior to trial. On that occasion Mr. Weekes saw and spoke briefly with Mr. Brown when Mr. Weekes observed Mr. Brown to be in the company of a mutual friend. It was during that single occasion that Mr. Brown told Mr. Weekes that Brown had picked up the gun which had been dropped or thrown from the car in which the person who discharged the gun was a passenger. Mr. Brown carried the gun from the City Hall Annex parking lot to the Verizon parking lot, where he discarded the gun.

Mr. Weekes asked Mr. Brown to tell law enforcement. Mr. Brown not only refused to talk to law enforcement, he refused to talk to Mr. Weekes further about the incident. Mr. Weekes informed defense counsel, who informed the prosecutor. Mr. Brown was the subject of a defense motion *in limine*.

Mr. Weeks efforts to determine where Mr. Brown resided

consisted of inquiring with Mr. Brown's mother, a girl Mr. Brown used to date and other persons who knew Mr. Brown. Mr. Brown was not residing at the address he gave to the Brockton District Court when he was charged with possessing the same gun which the government claims was possessed by Mr. Weekes. Mr. Brown's mother on numerous occasions told Mr. Weekes that she did not know where Mr. Brown was residing but that she would tell Mr. Brown to contact Mr. Weekes. By May 2005, the above referenced girl had long lost contact with Mr. Brown. Mr. Brown's acquaintances either couldn't or wouldn't help Mr. Weekes find Mr. Brown.

Had the government's objection to the questioning of the defendant concerning his post-arrest contact with Mr. Brown not been sustained by the Court, the defendant would have testified consistent with defense counsel's proffer in chambers. Accordingly, the government's contention that Mr. Weekes' representations in his motion to reconsider are not supported in the record simply is not accurate.

**Government's Contention that Defendant's Assertions in Motion to Reconsider Denial of Rule 29 Contradicted Defendant's Motion in Limine Assertions.**

Further, the government's contention that the defendant's motion assertions are directly contradicted by his statements in his motion *in limine* filed on September 8, 2006 is inaccurate. (See Gov. Opp., pp. 6 to 7 ) A party may intend to subpoena a

3

witness and then not if the party has no address at which to serve a subpoena.  Mr. Weekes' expectation that Brown would invoke his 5th Amendment rights and refuse to testify is completely consistent with his representations to the Court, through counsel in chambers, that Mr. Weekes asked Mr. Brown to tell law enforcement about picking up the gun and that Mr. Brown not only refused to talk to law enforcement, but also refused to talk to Mr. Weekes further about the October 2004 incident.

In United States v. Winn, 767 F.2d 527, 531 (9th Cir. 1985) the government was not required to take futile action to demonstrate witness unavailability.  Similarly, Mr. Weekes' wasn't required to leave a subpoena at Mr. Brown's mother's house, where Mr. Weekes knew Mr. Brown did not reside, or take other futile steps to demonstrate Mr. Brown's unavailability.

**Government's Contention that Brown's Statements to the Defendant Were Not Against Brown's Penal Interest.**

Finally, Mr. Brown's statement that he picked up the firearm and carried the gun from the City Hall Annex parking lot to the Verizon parking lot, where he discarded the gun, is a statement against penal interest.  (See Gov. Opp., p. 8)  Such conduct may be a violation of the Massachusetts Criminal Code. See M.G.L.c. 269, §10(a) and McQuoid v. Smith, 556 F.2d 595, 598 (1st Cir. 1977) and Commonwealth v. Bacon, 374 Mass. 358, 359 (1978).

Respectfully Submitted,
JEROME WEEKES,

By his attorney:

_____
J. THOMAS KERNER
MA BBO # 552373
Attorney at Law
343 Commercial St. Unit 104
Boston, MA  02109
(617) 720-5509