```
            UNITED STATES OF AMERICA
                 DISTRICT COURT
            DISTRICT OF MASSACHUSETTS

           CRIMINAL NO. 2004-10385-MEL

            UNITED STATES OF AMERICA

                       V.

                  JEROME WEEKES
```

## MOTION CONTINUE SENTENCING

Now comes defendant Jerome Weekes and moves this Honorable Court to enter an order continuing the sentencing scheduled for December 13, 2006 to a date in January 2007 between January 8 and January 19 or any date after January 29, 2007. Defense counsel shall be attending an out of state National Association of Criminal Defense Lawyers seminar from January 19 through January 26, 2007.

The defendant is seeking to continue the December 13, 2006 sentencing for the following reasons:

1.  Defense counsel has yet to receive the Probation Department's response to the defendant's objections to the presentence report [PSR].

2.  There is a hearing scheduled in the Concord District Court on December 12, 2006, regarding what remains from the defendant's conviction in Concord complaint 98/1319. To date, the Concord court has vacated the original conviction, which was for assault with a dangerous weapon. What remains is a finding that the defendant committed

     assault.  The defendant has not been sentenced.

3. Further, in the PSR, Probation made a determination that the defendant's conviction in the above referenced Concord complaint and a unrelated conviction for assault and battery in Somerville complaint 98/1381 are convictions for violent felonies for purposes of 18 U.S.C., §924(e)(1), the Armed Career Criminal [ACC] provision of §924.  In the defendant's objections to the PSR defense counsel, citing <u>United States v. Grant</u>. 924 F.2d 794 (9th Cir. 1991) and §921(a)(20(B), pointed out that the Somerville conviction and the Concord case (the Concord case is not a final conviction in that the defendant has not been sentenced for assault) are not violent felonies because they do not meet the definition of a crime punishable for more than one year pursuant to §924(e)(2)(B).  Supposedly, Probation claims that there is some 1st Circuit case law, also from 1991, which indicates that assault and battery in Massachusetts is an ACC predicate offense.  Obviously, these issues need to be briefed prior to sentencing and without Probation's responses to the defendant's objections to the PSR, defense counsel cannot adequately brief these issues prior to December 13, 2006.

4. Several of the convictions cited in the PSR as either ACC predicate offenses and/or convictions for purposes of the

     defendant's Federal Sentencing Guidelines criminal history were objected to either due to the fact that the convictions have been vacated or the court records do not support a determination that there is a final convictions for purposes of calculating a person's Federal Sent for purposes of the.

5. Finally, because of the upcoming Christmas and New Years holidays, the defendant and his family are requesting that the sentencing be continued until January 2007.

**Certification Regarding Government's Assent.**

     Defense counsel certifies that on December 6, 2006, he called the prosecutor and left a message requesting his assent to this request. The prosecutor was not able to respond prior to 5:30 p.m and defense counsel elected to file this motion because the sentencing is scheduled to take place in one week.

                                     **Respectfully Submitted,**
                                       **JEROME WEEKES,**

                                       **By his attorney:**

                                       _____
                                     **J. THOMAS KERNER**
                                     **MA BBO # 552373**
                                     **Attorney at Law**
                                     **343 Commercial St., Unit 104**
                                     **Boston, MA  02109**
                                     **(617) 720-5509**