UNITED STATES OF AMERICA
DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 2004-10385-MEL

UNITED STATES OF AMERICA

V.

JEROME WEEKES

SENTENCING MEMORANDUM

Now comes defendant Jerome Weekes and moves this Honorable Court to sentence him to 36 months in federal prison. The Court should calculate the defendant's Federal Sentencing Guidelines to be Offense Level 24 / Criminal History Category VI (17 points). The Court should consider that a number of the defendant's prior convictions were based on pleas of guilty which resulted in sentences concurrent with previously imposed sentences. Accordingly, it is appropriate to depart downward to Criminal History Category V pursuant to § 4A1.3(b). The Court should determine that the defendant's Guidelines range is 92 to 115 months.

If not for the defendant's prior criminal record, his conduct the night of October 22, 2004 did not constitute a federal crime. He was convicted of being a felon in possession of a firearm. He was not convicted of or charged with any other crime. The Court should consider that the defendant has served time in county houses of correction but never in a state or federal prison. The Court should consider the letters this

Court has received from the defendant's family.  The Court should consider the defendant's exemplary conduct while on release.  The Court should determine that a non-Guideline sentence is the only appropriate sentence under the unique set of circumstances presented to the Court in this case.

A sentence of 36 months is three times the minimum mandatory sentence the defendant was facing in Brockton District Court pursuant to M.G.L. c. 269, §10(a) and six months more than the maximum penalty he faced in the Brockton District Court for the state crime of carrying a firearm without a license.  A sentence of 36 months is in the middle of the Guidelines range for Offense Level 14 (the base offense level for being a felon in possession of a firearm) / Criminal History Category V.  A sentence of 36 months is sufficient but not greater than necessary to comply with the purposes set forth in 18 U.S.C. §3553(a)(2).

The Court should reject the notion that the defendant's prior conviction for Assault and Battery in the Somerville District Court (Docket 98/1381) is a violent felony for purposes of the Armed Career Criminal Statute 18 U.S.C. §924(e)(1). Assault and Battery in Massachusetts (M.G.L. c. 265, § 13A) is a misdemeanor and is punishable by a term of imprisonment of two years or less.  Accordingly, pursuant to 18 U.S.C. §921(a)(20)(B), it is not a crime punishable for more than one

year and thus, not a violent felony.  18 U.S.C. §924(e)(2)(B).

**Post Booker the Federal Sentencing Guidelines are Advisory.**

Perhaps the best statement of the function of judges in sentencing defendants in criminal cases was set forth by the Supreme Court in <u>United States v. Koon</u>, 518 U.S. 81 (1996):

> It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue. 518 U.S. at 113.

The individuality of each defendant and the uniqueness of each case were largely removed from the consideration of federal judges by the United States Sentencing Guideline in 1987.  In <u>United States v. Booker</u>, 543 U.S. 220 (2005) the Supreme Court restored to the district courts the ability to fashion a sentence tailored to the unique circumstances of each case and the individual situation of each defendant by requiring sentencing judges to consider factors other than the sentencing range prescribed by the sentencing guidelines.  Under 18 U.S.C. §3553(a), judges are required to sentence below the range if such a sentence would be sufficient to achieve the purposes of the statute.  The guideline sentencing range is only one of five co-equal factors to be considered in determining a sentence. <u>Booker</u>, 125 S. Ct. at 764-65.  The other four factors are (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the kinds of sentences

available; (3) the need to avoid unwarranted sentencing disparity (emphasis added); and (4) the need to provide restitution.

In light of Booker, the Guidelines are advisory, not mandatory.  United States v. Jimenez-Beltre, 440 F. 3d 514 (1st Cir. en banc 2006).  They maintain substantial but not controlling weight; and if there are clearly identified and persuasive reasons why the Court ought not to impose a sentence within the Guideline sentencing range, it ought to consider those reasons and impose a sentence accordingly.  Id. At 516.  Booker "makes it possible for courts to impose non-guideline sentences that override the guidelines, subject only to the ultimate requirement of reasonableness."  Id. At 518.  Notwithstanding the prosecutorial jubilation and the defense bar's hand-wringing engendered by Jimenez-Beltre, the district court has considerably more sentencing latitude than it did pre-Booker:

> Assuming that the district court correctly calculates the guidelines (sic) range and its reasoning is express or can be discerned, the remaining question . . . is one of *reasonableness* . . .  Often, there can be more than one reasonable way of assessing a factor and more than one reasonable result.  Assuming a plausible explanation and a defensible overall result, sentencing is the responsibility of the district court.  Jimenez-Beltre, 440 F.3d at 519.  (Emphasis in original).

In the case at bar there is "a plausible explanation and a defensible overall result" Id., for the imposition of a sentence

4

below the advisory Guideline sentencing range.

In sentencing the defendant, the Court must proceed according to the three-step sequence endorsed by the First Circuit in <u>Jimenez-Beltre</u> at 518-19:  (1)  It must first determine the applicable Guideline sentencing range; (2)  it must then consider and either accept or reject any proposed departures from that range; (3)  and finally, it must determine "whether other factors identified by either side warrant an ultimate sentence above or below the guideline range."

**Calculating the Defendant's Guidelines.**

Except for the Probation Department's determination that the defendant is subject to Armed Career Criminal provisions described at 19 U.S.C. § 924(e) and U.S.S.G. § 4B1.4(b)(3)(B) of the Sentencing Guidelines, the defendant does not dispute Probation's offense level computation.  The defendant agrees that his Total Offense Level is 24.  (See Prg. 30 of PSR)

With respect to Probation's Criminal History calculations, the defendant agrees that his Criminal History Level is VI, but he should be charged with 17 not 20 Criminal History Points.  The 2 points assessed in paragraph 39 of the PSR should be subtracted because, on December 12, 2006, the Concord District Court filed the guilty finding for assault.  <u>See</u> <u>United States v. Tavares</u>, 96 F.3d 10, 13 and fn. 1 (1st Cir. 1996)(guilty filed is not a conviction or sentence)  Similarly, the 1 point

assessed in paragraph 47 of the PSR should be subtracted because, like the assault charge in paragraph 39, the battery charge in paragraph 47 was filed.  He was held one day in custody before posting bail.  He not sentenced to a term of imprisonment of one day.

**The Armed Career Criminal Act.**

Mr. Weekes is not subject to a sentencing enhancement pursuant to 18 U.S.C. §924(e)(1).  Mr. Weekes has been convicted of two prior serious drug offenses or violent felonies.  Three are necessary to trigger §924(e)(1).

Mr. Weekes has been convicted of possession with intent to distribute a Class B controlled substance, Somerville Complaint 00/0003.  (PSR prg. 44)  Additionally he has been convicted of distribution of a Class B controlled substance, Roxbury Complaint 99/7097.  (PSR prg. 43)  Both of those convictions are serious drug offenses pursuant to §924(e)(2)(A).  None of his other convictions are for drugs.

None of his other convictions are violent felonies.  His conviction for Assault and Battery, Somerville 98/1381 (PSR prg. 38) is excluded from consideration because it is a state misdemeanor and is punishable by a term of imprisonment of two years or less.  18 U.S.C., §921(a)(20)(B); see United States v. Grant, 924 F.2d 794 (9th Cir. 1991) (defendant convicted of state

misdemeanor and the offense was punishable by a term of imprisonment of up to three years state prison).

In Massachusetts Assault and Battery is codified at M.G.L. c. 265, § 13A. The penalty for assault and battery is imprisonment for not more than two and one half years in the house of correction or by a fine of not more than $1,000. c. 265, §13A(a). In Massachusetts a crime punishable by death or imprisonment in the state prison is a felony. All other crimes are misdemeanors. M.G.L. c. 274, §1. For purposes of 18 U.S.C. §924(e)(1), state offenses classified by the state as a misdemeanor and which are punishable by a term of imprisonment of two years or less are not crimes punishable for more than one year pursuant to §924(e)(2)(B), and thus are not violent felonies. §921(a)(20)(B).

Mr. Weekes's conviction for Assault and Battery is not a violent felony for purposes of §924(e)(1) because it is classified by Massachusetts as a misdemeanor and it is punishable by a term of imprisonment of two years or less. The defendant acknowledges that the maximum punishment for assault and battery is two and one half years. The fact that an offense's maximum penalty exceeds two years does not remove it from the list of excluded offenses as per §921(a)(20). It is

still "punishable by a term of imprisonment of two years or less."[1]

The defendant is entitled to application of the Rule of Lenity. The Rule of Lenity provides that "where there is ambiguity in a criminal statute, doubts are resolved in favor of the defendant." United States v. Bass, 404 U.S. 336, 348, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971).[2] There is no First Circuit case law which addresses the defendant's contention that §921(a)(20)(B) excludes state misdemeanors which allow for sentences of two years or less as opposed to state misdemeanors which allow for sentences of "not more than" or "up to" two years.

---

[1] There are Massachusetts state misdemeanors which provide for a two year minimum mandatory term of imprisonment. See M.G.L. 94c, § 32J.

[2] The defendant does not contest that in First Circuit decisions the Court in *dicta*, without any consideration of the wording of §921(a)(20)(B), stated that assault and battery is a violent felony because it can be punished for up to two and one half years. U.S. v. Indelicato, 97 F.3d 627, 628 fn. 1 (1st Cir. 1996) and U.S. v. Sousa, ___ F.3d __, __ (1st Cir. Dkt. 05-2758, November 15, 2006) ("One reasonably may ask why the classification of the 1977 conviction either as a felony or misdemeanor matters. After all, as discussed above, a misdemeanor may serve as a predicate offense under § 922(g) if the crime is punishable by two or more years of imprisonment. And here, even if Sousa's 1977 conviction was a misdemeanor, the potential punishment exceeded two years.")

As noted above, the defendant in <u>United States v. Grant</u>, 924 F.2d 794 (9th Cir. 1991), was convicted of second degree burglary. Second degree burglary carries the possibility of a term of imprisonment of more than two years.[3] Nevertheless, it still was punishable by a term of imprisonment of two years or less and excluded pursuant to §921(a)(20). <u>Grant</u>, at 794 ("California classified Grant's 1976 crime as a misdemeanor and authorized punishment of two years or less in prison.") The 9th Cir. held that the district court properly refused to sentence Grant as an armed career criminal. <u>Id</u>.

Second degree burglary in California is a misdemeanor and punishable by up to three years. Yet, it cannot be counted as a violent felony. Similarly, a Massachusetts conviction for assault and battery cannot be counted as a violent felony.

Had Congress not wanted convictions like Massachusetts assault and battery to be excluded from §924(e)(2)(B) pursuant to §921(a)(20)(B), Congress would have worded §921(a)(20)(B) in

---

[3] Second degree burglary in California is punishable by "imprisonment in the county jail not exceeding one year or in the state prison." Cal. Penal Code § 461(2). California law provides that if a crime is "punishable by imprisonment in a state prison" and no prison term is specified, the crime is punishable by up to three years imprisonment. Cal. Penal Code § 18. <u>see</u> <u>People v. Soto</u>, 212 Cal. Rptr. 696, 699-700 (Cal. Ct. App. 1985); <u>People v. Takencareof</u>, 174 Cal. Rptr. 112, 119 (Cal. Ct. App. 1981).

a different manner. Congress could have chosen to write §921(a)(20)(B) as follows:

> (B) any State offense classified by the laws of the State as a misdemeanor and punishable by **a term of imprisonment of not more than two years.**

Had the statute been written in that manner Massachusetts assault and battery, as well as California second degree burglary, would be considered crimes punishable by imprisonment for a term exceeding one year for purposes of §924(e)(2)(B). Only state misdemeanors where the maximum sentence is two years or less would not be crimes punishable by imprisonment for a term exceeding one year for purposes of §924(e)(2)(B). The ruling in <u>Grant</u>, at 794, supports the contention that, as §921(a)(20)(B) is written, as long as the state misdemeanor can be punished for two years or less, regardless of the statutory maximum, it cannot be considered a crime punishable by imprisonment for a term exceeding one year for purposes of §924(e)(2)(B). As noted in footnote 1, a conviction for M.G.L. 94c, § 32J, which is a misdemeanor and provides for a minimum mandatory sentence of two years and a maximum of two and one half years, would not be excluded pursuant to §921(a)(20)(B).

Pursuant to §921(a)(20)(B), Massachusetts assault and battery is not a crime punishable by imprisonment for a term exceeding one year for purposes of §924(e)(2)(B). Accordingly,

it is not a violent felony and cannot be considered for purposes of a §924(e)(1) sentencing enhancement.

One final note.  When Mr. Weekes was initially indicted by the United States, the United States Attorney contended that Mr. Weekes was subject to the §924(e)(1) sentencing enhancement based solely on the two drug convictions and the Concord conviction (PSR prg. 39), which at that time was for assault with a dangerous weapon.  Assault with a dangerous weapon is a felony in Massachusetts because a person can be sentenced to the State Prison.  M.G.L. c. 265, §15B(b).  Subsequently, the Concord Court recognized that the defendant did not use a dangerous weapon and dismissed so much of the original charge which alleged a dangerous weapon.  The United States never suggested that the Somerville assault and battery was a violent felony.

**The Defendant's Criminal History Calculations Over-represents the Seriousness of the Defendant's Criminal History or the Likelihood that the Defendant will Commit other Crimes**

The defendant properly was assessed 17 Criminal History Points.  Six of those points were assessed on pleas for crimes which the defendant disposed of for convenience because he was serving a sentence on another crime.  He pled guilty to disorderly conduct in October 2, 1998 (PSR prg. 40), because he was serving a sentence for attempted larceny (PSR prg. 36).  He pled guilty to receiving stolen property on January 20, 1999

(PSR prg. 41), because he was serving a sentence for violating a restraining order (PSR prg. 36).[4] The defendant pleaded guilty to possession with intent to distribute cocaine in on March 28, 2001 (PSR prg. 44) because he was offered a "deemed served" sentence. The defendant was assessed six Criminal History Points for the three convictions in PSR paragraphs 40, 41 and 44. If not for the sweetheart plea bargains he was offered to dispose of those three convictions, the defendant could have successfully defended the charges. If he was successful, he'd have eleven Criminal History Points, which would place him in Criminal History Category V.

Additionally, the Court should note that since the defendant's release from custody in the instant case, he has received a number of glowing reports from pretrial services. The defendant has not been accused of any criminal activity since his arrest in the instant matter, in October 2004.

For the reasons explained above, the Court should depart pursuant to §4A1.3(b) of the Sentencing Guidelines and place the defendant into Criminal History Category V. The Court should rule that Criminal History Category VI over-represents the

---

[4] Recently, the Probation Department agreed to redact paragraph 36 of the PSR because the Somerville District Court allowed the defendant's motion for a new trial and dismissed the restraining order violation complaint. The defendant did not commit a crime.

seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes.

Criminal History Category VI is reserved for the worst in our society.  Mr. Weekes has numerous entries in his criminal history, but he has never been sentenced to state prison or federal prison.  It seems a stretch to catagorize Mr. Weekes's criminal history as the worst.  Further, as Mr. Weekes has demonstrated since this Court released him from custody, it is not likely that he will commit other crimes.

**Conclusion**

As addressed above, the Guidelines are advisory.  It is the defendant's contention that his proper Guidelines calculation would be Offense Level 24 / Criminal History Category V.  The Guidelines range is 92 to 115 months.  A sentence of 36 months is appropriate in this case because it will punish Mr. Weekes severely for simply possessing a firearm when he wasn't supposed to.  A 36 month sentence would not be appropriate if he used the firearm to commit a crime.  In the instant case, all he has been accused of, let alone convicted of, is possessing a firearm when he should not have.  If not for his two drug convictions (one of which, Somerville 00/0003 [PSR prg. 44], was the result of a "sentence deemed served" plea bargain) Mr. Weekes's Guidelines would have been 14/V, with a range of 33-41 months.  considering all the 18 U.S.C. §3553(a) factors -- especially the defendant's

personal history not just his criminal history -- a sentence of 36 months is sufficient to achieve the purposes of 18 U.S.C. §3553.

**Respectfully Submitted,**
**JEROME WEEKES,**

**By his attorney:**

_____
**J. THOMAS KERNER**
**MA BBO # 552373**
**Attorney at Law**
**343 Commercial St., Unit 104**
**Boston, MA  02109**
**(617) 720-5509**

14