UNITED STATES OF AMERICA
DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 2004-10385-MEL

UNITED STATES OF AMERICA

v.

JEROME WEEKES

SUPPLEMENTAL SENTENCING MEMORANDUM

Now comes defendant Jerome Weekes and files this supplemental sentencing memorandum.  In this supplemental filing the defendant makes an additional argument in support of his contention that his conviction for Assault and Battery in the Somerville District Court (Somerville Complaint 98/1381 (PSR prg. 38)) is not a violent felony as per 18 U.S.C. § 924(e)(1).

The term violent felony means any crime punishable by imprisonment of a term exceeding one year[1] that has as an element the use, attempted use, or threatened use of physical force against the person of another.  18 U.S.C. §924 (e)(2)(B)(I).  The Massachusetts Assault and Battery statute covers two separate crimes.  One involving actual or potential physical harm and the other involving a non-consensual but unharmful touching.  United States v. Harris, 964 F.2d 1234, 1236 (1st Cir.

---

[1] In the defendant's initial sentencing memorandum, he explained that for purposes of 18 U.S.C. 924(e), in Massachusetts Assault and Battery is not a crime punishable for more than one year.

1997), see also Commonwealth v. Burke, 390 Mass. 480, 482-83 (1983).  Thus, Massachusetts's statutory definition of Assault and Battery admits a non-violent means of commission.  United States v. Santos, 363 F.3d 19, 23 (1st Cir. 2004).

Recently, the United States Supreme Court ruled that enquiry under §924(e) to determine whether a plea of guilty necessarily admitted certain elements is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of such information.  Shepard v. United States, __ U.S. ___, 2005 WL 516494, p. 8 (2005).

Since Mr. Weekes previously was convicted of simple Assault and Battery, not an aggravated version such as assault and battery on a police officer or with a dangerous weapon (see Santos, at 23-25) this Court needs more than a record of conviction to determine that it was a crime of violence for purposes of §924(e) and U.S.S.G. § 4B1.4.  Mr. Weekes's conviction in the Somerville complaint could have been for the non-violent version of Assault and Battery which is addressed in Santos, at 23.  The Court cannot consider the police report which alleges certain conduct.  Pursuant to Shepard, without a transcript of the plea colloquy or some other acknowledgment on the part of Mr. Weekes that he committed a crime which involved

the use, attempted use, or threatened use of physical force against the person of another, this Court is prohibited from considering the conviction a violent felony.

As Justice Thomas stated in Shepard, "Innumerable criminal defendants have been unconstitutionally sentenced ... despite the fundamental imperative that the Court maintain absolute fidelity to the protections of the individual afforded by the notice, trial by jury, and beyond-a-reasonable-doubt requirements." Shepard, 2005 WL 516494, p. 9 (Concurrence, Thomas, J.).

**Respectfully Submitted,
JEROME WEEKES,**

**By his attorney:**

_____
**J. THOMAS KERNER
MA BBO # 552373
Attorney at Law
343 Commercial St., Unit 104
Boston, MA  02109
(617) 720-5509**