UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA  )
                          )   CRIMINAL NO. 04-10385-MEL
        V.                )
                          )
JEROME WEEKS              )

### SUMMARY MEMORANDUM RE: SENTENCING

In response to the Court's request on January 31, 2006, the United States submits this Memorandum summarizing some of its positions and views regarding the various sentencing issues. The government expects to make its complete arguments at the sentencing hearing.

1. Defendant's contention that his Massachusetts convictions for Assault and Battery and Assault (PSR ¶38 and ¶39) don't qualify as ACC predicates because they may be defined as misdemeanors under Massachusetts law has been explicitly rejected by the First Circuit. United States v. Bregnard, 951 F.2d 457, 460-461 (1st Cir. 1991)(state labeling a crime as a misdemeanor makes no difference for purposes of sentence enhancement. Bregnard's Massachusetts assault and battery convictions are "violent felonies" as that term is defined in section 924(e)); United States v. Marshall, 18 Fed. Appx. 15, 17 n.3 (1st Cir. 2001); Caggiano v. United States, 977 F.2d 566 at n.5 (1st Cir. 1992). Here, just as in Bregnard, the defendant was convicted of assault and battery (PSR ¶38) (and assault, PSR

¶39) in violation of Mass.Gen.L.ch. 265, §13A.

   2. Defendant's contention that the charging documents (criminal complaints) for his assault and battery conviction (PSR ¶38) and his assault conviction (PSR ¶39) are insufficient to establish these convictions as ACC predicate violent felony crimes has also been explicitly rejected by the First Circuit. The First Circuit has repeatedly held that where the charging document (the Massachusetts Criminal Complaint) states that a defendant did "assault and beat" a victim in violation of Mass.Gen.L.ch. 265 §13A, that, alone, categorically qualifies the offense as a violent felony under the ACCA or as a crime of violence under Section 4B1.2 of the Sentencing Guidelines[1]. United States v. Estevez, 419 F.3d 77, 81 (1st Cir. 2005); United States v. Mangos, 134 F.3d 460, 464 (1st Cir. 1998)(citing Taylor v. United States, 495 U.S. 575, 602 (1990)); United States v. Santos, 363 F.3d 19, 23 (1st Cir. 2004); United States v. Harris, 964 F.2d 1234 (1st Cir. 1992).  See also, United States v. Sanford, 357 F.Supp. 2d 54, 58-59 (D. Maine 2004), affirmed, 160 Fed. Appx. 1 (1st Cir. 2005) (citing cases).

   Here, the Criminal Complaints state that the defendant "did

---

[1] It is settled First Circuit law that the ACCA's definition of "violent felony" is substantively identical to the definition of "crime of violence" in the federal sentencing guidelines. United States v. Jackson, 409 F.3d 479, 480 n.1 (1st Cir. 2005).  "Courts have looked generally to cases pertaining to either provision to elucidate the nature of the categorical inquiry." United States v. Santos, 363 F.3d 19 at 22 n.5

assault and beat" the victim (PSR ¶38 and Exhibit A, attached), and did, by means of a dangerous weapon, a knife, assault" the victim (PSR ¶39 and Exhibit B, attached). Consequently, both convictions qualify as predicates under the ACCA. <u>Id</u>.

    5. Defendant's Massachusetts assault conviction (PSR ¶39) counts as an ACCA predicate conviction even though it was reduced from assault and battery with a dangerous weapon to assault. The facts here are identical to the facts in <u>United States v. Sanford</u>, 327 F.Supp. 2d 54, 58-59 (D. Maine 2004), affirmed, 160 Fed. Appx. 1, 2005 WL 3536542 (1st Cir. 2005), cert. denied, 126 S.Ct. 1822 (4/17/2006). In <u>Sanford</u>, a Massachusetts conviction for simple assault in violation of Mass. Gen.L.ch. 265 §13A was held a "violent felony" predicate offense under the Armed Career Criminal Act where the complaint charged assault and battery with a dangerous weapon (specifically, that the defendant used a baseball bat as a dangerous weapon to commit assault), and there was no evidence that subsequent reduction of the charge to simple assault was based on a change in the underlying facts. <u>Id</u>. at 58-59. Here, exactly as in <u>Sanford</u>, the Massachusetts Complaint (See Exhibit B and PSR ¶39) charged that the defendant (Weeks) used a dangerous weapon, "a knife", to assault the victim (Richard Labbe). Similarly, although the charge was reduced to assault in violation of Mass.Gen.L.ch. 265 §13A, there is no evidence that the reduction was based on a

change in the underlying facts.  Id.

    4.  As set forth in the PSR at ¶31, defendant Weeks' convictions referred to in PSR ¶43 (Distributing Cocaine), PSR ¶44 (Possession With Intent To Distribute Cocaine), and PSR ¶48 (Resisting Arrest) also qualify as ACCA predicate convictions.  Those convictions, and their qualification as ACC predicates, are not contested by defendant Weeks.  Consequently, even assuming, for the sake of argument, Weeks' assault and battery and assault convictions (PSR ¶¶38 and 39) do not (as he argues) qualify as ACC predicates, he still would have the three predicate convictions necessary to qualify him as an armed career criminal under 18 U.S.C. §924(e).

                                      Respectfully submitted,

                                      MICHAEL J. SULLIVAN
                                      United States Attorney

                         By:  /s/CHRISTOPHER F. BATOR
                             Assistant U.S. Attorney

                             Date: February 2, 2007

## CERTIFICATE OF SERVICE

    I, CHRISTOPHER F. BATOR, certify that I have served a copy of the above upon counsel of record by electronic filing.

                                      /s/CHRISTOPHER F. BATOR
                                      Assistant U.S. Attorney

                                      Date: February 2, 2007

# EXHIBIT A

| CRIMINAL COMPLAINT | 9810CR001381 | | Trial Court of Massachusetts |
|---|---|---|---|
| DEFENDANT<br>WEEKES, JEROME<br>7 COLLEGE AVENUE<br>MEDFORD, MA 02155 | | | Somerville District Court |

TO ANY JUSTICE OR CLERK-MAGISTRATE
OF THE SOMERVILLE DISTRICT COURT

| DATE OF BIRTH | SEX | RACE | HEIGHT | WEIGHT | EYES | HAIR |
|---|---|---|---|---|---|---|
| 2/15/1980 | M | B | 6'02" | 200 | BRO | BLK |
| INCIDENT REPORT # | | SOCIAL SECURITY #<br>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 | | | | |
| DATE OF OFFENSE<br>5/19/1998 | | PLACE OF OFFENSE<br>SOMERVILLE | | | | |
| COMPLAINANT<br>BRENNAN, OFFICER N | | POLICE DEPARTMENT<br>SOMERVILLE PD | | | | |
| DATE OF COMPLAINT<br>5/19/1998 | | RETURN DATE AND TIME<br>05/19/1998 9:30 AM | | | | |

The undersigned complainant, on behalf of the Commonwealth, on oath complains that on the date and at the location stated herein the defendant did commit the offense(s) listed below.

COUNT-OFFENSE

1. 265/13A/B  A&B c265 §13A

on 05/19/1998 did assault and beat ~~LISA LEVESQUE~~, in violation of G.L. c.265, §13A. (PENALTY: house of correction not more than 2½ years; or not more than $500.)

*Erica Leonard*
*(Amended)*

COUNT-OFFENSE

COUNT-OFFENSE

COUNT-OFFENSE

| COMPLAINANT<br>X | SWORN TO BEFORE CLERK-MAGISTRATE<br>X | ON (DATE)<br>5/19/98 | TOTAL COUNT<br>1 |
|---|---|---|---|
| | FIRST JUSTICE<br>Hon. PAUL HEFFERNAN | COURT ADDRESS | Somerville District Court |
| A TRUE   CLERK-MAGISTRATE/ASST. CLERK | | ON (DATE) | |

**EXHIBIT B**

| CRIMINAL COMPLAINT | 9849 R001319 | | | | | | Trial Court of Massachusetts<br>Concord District Court |
|---|---|---|---|---|---|---|---|
| DEFENDANT<br>WEEKES, JEROME<br>87 COLLEGE AVENUE<br>MEDFORD, MA 02155 | | | | | | | TO ANY JUSTICE OR CLERK-MAGISTRATE<br>OF THE CONCORD DISTRICT COURT |

| DATE OF BIRTH | SEX | RACE | HEIGHT | WEIGHT | EYES | HAIR |
|---|---|---|---|---|---|---|
| 02/15/1980 | M | B | 6'02" | 200 | BRO | BLK |

| INCIDENT REPORT # | SOCIAL SECURITY # |
|---|---|
| | 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 |

| DATE OF OFFENSE | PLACE OF OFFENSE |
|---|---|
| 07/20/1998 | CONCORD |

| COMPLAINANT | POLICE DEPARTMENT |
|---|---|
| KENNEDY, JOHN | WARRANT CONCORD PD |

| DATE OF COMPLAINT | RETURN DATE AND TIME |
|---|---|
| 07/22/1998 | WARRANT |

The undersigned complainant, on behalf of the Commonwealth, on oath complains that on the date and at the location stated herein the defendant did commit the offense(s) listed below.

COUNT-OFFENSE
1. 265/15B/A ASSAULT W/DANGEROUS WEAPON c265 §15B
on 07/20/1998 did, by means of a dangerous weapon, a KNIFE, assault RICHARD LABBE, in violation of G.L. c.265, §15B(b). (PENALTY: state prison not more than 5 years; or jail not more than 2½ years; or not more than $1000.)

COUNT-OFFENSE

ATTEST: [signature]
CONCORD DIV.
CLERK-MAGISTRATE

COUNT-OFFENSE

COUNT-OFFENSE

| COMPLAINANT<br>X [signature] John Kennedy | SWORN TO BEFORE CLERK-MAGISTRATE<br>X [signature] | ON (DATE)<br>12-16-98 | TOTAL COUNTS<br>1 |
|---|---|---|---|
| FIRST JUSTICE<br>Hon | | COURT ADDRESS | Concord District Court<br>305 Walden Street<br>Concord, MA 01742 |
| A TRUE CLERK-MAGISTRATE/ASST. CLERK<br>COPY<br>ATTEST: X | ON (DATE) | | |