UNITED STATES OF AMERICA
DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 2004-10385-MEL

UNITED STATES OF AMERICA

v.

JEROME WEEKES

## MOTION FOR RELEASE PENDING APPEAL BY THE DEFENDANT

Now comes defendant Jerome Weekes and moves this Honorable Court, pursuant to 18 U.S.C. §3143(b). In support of this motion the defendant states the following:

1. The Court, after the jury returned a guilty verdict, released the defendant pursuant to §3143(a).

2. The defendant has filed an appeal which is not for the purpose of delay and raises a substantial question of law or fact likely to result in an order for a new trial.

With respect to the basis of the defendant's appeal, he contends that the Court erred when it ruled that the defendant could not tell the jury that Kelvin Brown had admitted to the defendant that Mr. Brown had moved the gun from the City Hall Annex parking lot to the rear of the Verizon building. The Court would not allow that testimony, agreeing with the government that defense counsel's proffer in chambers was not sufficient to establish that Brown was unavailable for purposes of F.R.Evid. 804. The defendant contends that the Court's ruling was wrong. United States v. Winn, 767 F.2d 527 (9th Cir.

1985) and <u>M. S. Walker, Inc. v. Travelers Indemnity Company</u>, 470 F.2d 951 (1st Cir. 1973).

The defendant was confined from the date of his Brockton District Court arraignment, October 25, 2004, until May 6, 2005. From May 6, 2005 up to the date of trial, Mr. Weekes made an exhaustive effort to locate Mr. Brown and to secure his presence at trial.

The only contact that Mr. Weekes was able to make with Mr. Brown was on one occasion, well prior to trial.  On that occasion Mr. Weekes saw and spoke briefly with Mr. Brown when Mr. Weekes observed Mr. Brown to be in the company of a mutual friend.  It was during that single occasion that Mr. Brown told Mr. Weekes that Brown had picked up the gun which had been dropped or thrown from the car in which the person who discharged the gun was a passenger.  Mr. Brown carried the gun from the City Hall Annex parking lot to the Verizon parking lot, where he discarded the gun.

Mr. Weekes asked Mr. Brown to tell law enforcement.  Mr. Brown not only refused to talk to law enforcement, he refused to talk to Mr. Weekes further about the incident.  Mr. Weekes informed defense counsel, who informed the prosecutor.  Mr. Brown was the subject of a defense motion *in limine*.

Mr. Weeks efforts to determine where Mr. Brown resided consisted of inquiring with Mr. Brown's mother, a girl Mr. Brown

2

used to date and other persons who knew Mr. Brown.  Mr. Brown
was not residing at the address he gave to the Brockton District
Court when he was charged with possessing the same gun which the
government claims was possessed by Mr. Weekes.  Mr. Brown's
mother on numerous occasions told Mr. Weekes that she did not
know where Mr. Brown was residing but that she would tell Mr.
Brown to contact Mr. Weekes.  By May 2005, the above referenced
girl had long lost contact with Mr. Brown.  Mr. Brown's
acquaintances either couldn't or wouldn't help Mr. Weekes find
Mr. Brown.

In Winn, supra., at 531, the Court ruled as follows:

> A witness is not "unavailable" unless the
> prosecutor makes a good faith effort to obtain the
> witness's presence. Ohio v. Roberts, 448 U.S. 56,
> 74, 100 S.Ct. 2531, 2543, 65 L.Ed.2d 597 (1980).
> But, "[t]he law does not require the doing of a
> futile act," and the extent of the efforts the
> prosecutor must make is a question of
> reasonableness. Id.

The government, in Winn, had no addresses or any other
information that would help locate the unavailable
witnesses.  The Winn court held that the government
established unavailability and, under the circumstances, it
was reasonable for the government to make no effort to find
them.  Id.

Mr. Weekes made an exhaustive and good faith effort to
obtain Mr. Brown's presence for trial even though Mr. Weekes
had no expectation that Mr. Brown would do anything other

than exercise his 5th Amendment right not to incriminate himself.  He could not subpoena Mr. Brown because he did not know of an address where he could serve a subpoena.  Mr. Brown was unavailable.  His statement to Mr. Weekes was admissible pursuant to F.R.Evid. 804(b)(3).[1]

    Even without Mr. Brown's statement, it took the jury

---

[1]

    The defendant notes that, pending sentencing, Kelvin Brown learned that the defendant was found guilty of possessing the firearm by the jury in this case.  Mr. Brown told the defendant that he was shocked that Mr. Weekes was convicted, given the lack of evidence.  He agreed to speak with defense counsel.

    Prior to Mr. Brown speaking with defense counsel, the attorney who represented him in the joint prosecution of the defendant and Brown in the Brockton District Court called defense counsel.  Defense counsel was informed that Mr. Brown was going to speak with defense counsel against the advise of the attorney who represented Mr. Brown in the Brockton prosecution.

    When defense counsel met with Mr. Brown he stated what Mr. Weekes claimed he had been told by Brown prior to trial.  Defense counsel then asked Mr. Brown if that was accurate and would he speak to the Court and the prosecutor.  Mr. Brown asked defense counsel whether he would go to jail if he spoke to the Court and the prosecutor.  Defense counsel advised Mr. Brown to speak to a lawyer because there was a potential that anything he said could be used to prosecute him.

    Mr. Brown spoke to two lawyers recommended by defense counsel.  Both of those lawyers told defense counsel that Mr. Brown would not cooperate further with Mr. Weekes's defense unless Mr. Brown was assured that he would not face criminal prosecution.  Mr. Brown refused to retain either attorney to make inquiry with the United States Attorney and the Plymouth County District Attorney to determine whether Mr. Brown would be prosecuted for gun charges.

4

two days to reach a verdict on one simple issue.  Did the defendant possess a firearm?  The Court may recall that there were numerous questions, all of which demonstrated that the jury was seriously considering facts to which Mr. Weekes testified.  It is probable that had Mr. Weekes been permitted to testify to what he was told by Mr. Brown, the jury would have found him not guilty.  Accordingly, the defendant's appeal raises a substantial question of law or fact likely to result in an order for a new trial.

**Respectfully Submitted,**
**JEROME WEEKES,**

**By his attorney:**


_____
**J. THOMAS KERNER**
**MA BBO # 552373**
**Attorney at Law**
**343 Commercial St., Unit 104**
**Boston, MA  02109**
**(617) 720-5509**

UNITED STATES OF AMERICA
DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 2004-10385-MEL

UNITED STATES OF AMERICA

v.

JEROME WEEKES

<u>AFFIDAVIT OF ATTORNEY CARLOS DOMINGUEZ</u>

Now comes Attorney Carlos Dominguez and attests that in November 2006 I had a privileged conversation with an individual named Kelvin Brown. I was advised by Attorney Thomas Kerner that Mr. Brown was a potential witness in a case in which Attorney Kerner represented the defendant, Jerome Weekes. Mr. Brown had told Attorney Kerner that he was concerned whether Mr. Brown's testimony could cause Mr. Brown to face criminal liability.

I spoke to Mr. Brown about the events of October 22, 2004, when he and Jerome Weekes were both arrested by the Brockton Police. Based on my conversation with Mr. Brown during which he told me what occurred and what he did on October 22, 2004 in Brockton, Massachusetts, the details of which I cannot disclose due to the attorney/client privilege, I advised Mr. Brown that unless he was promised immunity from prosecution his testimony in the Weekes matter could subject him to criminal prosecution.

I offered, for a reasonable fee, to contact the Assistant United States Attorney prosecuting Mr. Weekes and the Plymouth

County District Attorney to inquire whether Mr. Brown would be offered immunity from prosecution if he were to testify truthfully in the Weekes matter.  Mr. Brown advised me that he would not hire me.

Sworn to under the pains and penalties of perjury on this 9th day of July, 2007.

_____
CARLOS J. DOMINGUEZ