UNITED STATES OF AMERICA
DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 2004-10385-MEL

UNITED STATES OF AMERICA

v.

JEROME WEEKES

## SUPPLEMENTAL FILING IN SUPPORT OF SENTENCING MEMORANDA

Now comes defendant Jerome Weekes and makes this supplemental filing.  With respect to the Probation Department's determination, which the government may urge the Court to adopt, that the defendant's prior convictions for Assault and Battery (Somerville Complaint 98/1381 (PSR prg. 38)) or Resisting Arrest (Brockton Complaint 02/7992 (PSR prg. 44)) are violent felonies as per 18 U.S.C. § 924(e)(1).

Previously, the defendant filed two sentencing memoranda in which he addressed the legal standards for determining whether a conviction is for a violent felony.  In his supplemental memorandum, the defendant pointed out that recently, the United States Supreme Court ruled that enquiry under §924(e) to determine whether a plea of guilty necessarily admitted certain elements is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of such information.  Shepard v.

<u>United States</u>, __ U.S. ___, 2005 WL 516494, p. 8 (2005).

Accordingly, the defendant objects to the portions of the presentence report [PSR] which purport to convey the facts of the incidents which gave rise to any of Mr. Weekes' prior convictions.  None of the factual assertions are based on a plea agreement, a transcript of a colloquy between a judge and the defendant in which the factual basis for the plea was confirmed by the defendant or some comparable judicial record of such information.

**Respectfully Submitted,
JEROME WEEKES,**

**By his attorney:**

_____
**J. THOMAS KERNER
MA BBO # 552373
Attorney at Law
343 Commercial St., Unit 104
Boston, MA  02109
(617) 720-5509**