**E N D O R S E M E N T**

UNITED STATES v. JEROME WEEKES
04-CR-10385-MEL

LASKER, D.J.

Defendant Jerome Weekes ("Weekes") moves, pursuant to Fed. R. Crim. P. 33(a) and 33(b)(1), for a new trial based on newly discovered evidence. Under 28 U.S.C. § 2255, Weekes also moves for re-sentencing based on a violation of his right to a trial by an impartial jury. For the reasons set forth below, the motion for new trial and resentencing is DENIED.

First, Weekes, who is African-American, argues that when his request to dismiss the all-white jury venire was denied, his right to a trial by an impartial jury under the Sixth Amendment of the United States Constitution was violated. According to Weekes, at the time he was tried in September 2006, the District of Massachusetts' juror selection process improperly undercounted African-Americans. Weekes asserts that in In re United States, 426 F.3d 1 (1st Cir. 2005), the First Circuit recognized that the juror selection process at issue was flawed. In fact, the Jury Plan Committee for the United States District Court for the District of Massachusetts eventually revised and promulgated a new jury plan on March 1, 2007. Weekes therefore contends that because his all-white jury was selected from an all-white jury pool, which was amassed under a faulty juror selection process, he was denied his right to be tried by an impartial jury of his peers. He also seems to argue that the 2007 District of Massachusetts Plan for Random Selection of Jurors and the Jury Plan Committee's notes regarding such jury plan revisions should be considered "newly discovered evidence" upon which he should be granted a new trial.

The Government responds that the District of Massachusetts' adoption of a new jury selection plan simply is not newly discovered evidence, just as a post-verdict legal ruling from the First Circuit would not be considered newly discovered evidence. Further, Weekes failed to preserve his challenge to the jury selection plan in place during his trial. The Jury Selection and Service Act ("JSSA"), 28 U.S.C. § 1861 et seq., provides the exclusive means by which a party may challenge compliance with jury selection procedures. The Government argues that under the Act, moving to dismiss the entire jury venire does not preserve such a challenge. Finally, according to the Government, Weekes mischaracterizes In re United States for the premise that the First Circuit found the District Court's plan for selecting potential jurors at the time to be flawed.

Instead, in In re United States, the First Circuit held the district court erroneously found that the JSSA imposes a more stringent requirement for obtaining a fair cross section of the community than the Sixth Amendment does, and therefore the district court did not have sufficient reason to depart from the existing jury plan. 426 F.3d at 8. Further, the First Circuit affirmed that the district's jury selection plan at the time conformed with Sixth Amendment requirements and held that district court judges could not individually depart from the existing plan without the vote of the entire court. Id. at 7. The Government thus maintains that the jury selection plan in place during Weekes' trial satisfied the Sixth Amendment, and Weekes' claim under 28 U.S.C. § 2255 is without merit.

      Weekes was not denied his right to be tried by an impartial jury. As the First Circuit stated in In re United States, the 2000 Plan for Random Selection of Jurors, which was in place during Weekes' trial, comported with Sixth Amendment demands. 426 F.3d at 8. Moreover, the First Circuit explained that once adopted, a jury selection plan is meant "to provide a uniform procedure for assembling jurors in that district court binding upon each district judge." Id. at 6, citing to 28 U.S.C. § 1863. A district judge therefore cannot make a "major departure" from an adopted plan unless the plan were unconstitutional or conflicted with the JSSA. Id. at 7. Because the jury selection plan at issue here complied with both the Sixth Amendment and the JSSA, Weekes was not denied his right to an impartial jury.

      Second, Weekes argues that he should have been permitted to testify about statements that an associate named Kelvin Brown ("Brown") made, admitting that he, not Weekes, picked up and handled the firearm at issue in the case. During trial, defense counsel noted that Brown had refused to relate his involvement in the situation and that further attempts to contact Brown had been unsuccessful. Brown's alleged statement, however, was not allowed into evidence because Weekes had not established that Brown was unavailable to testify. After the trial concluded, Weekes states that Brown "sought out the defendant and told him that [Brown] was shocked that Mr. Weekes was convicted, given the lack of evidence." Brown then met post-trial with Weekes' defense counsel but still refused to make any statements until he was assured that he would not face criminal prosecution. Brown never retained an attorney to contact the United States Attorney to determine whether he would be prosecuted for gun charges, and so he never made any post-trial exculpatory statements regarding Weekes to the Government.

      The Government counters that Brown's purported

statement was already known to Weekes at the time of trial and is not newly discovered evidence. In fact, Weekes claimed that Brown had made the alleged statement to him "well prior to trial." (Def.'s Mot. for Release Pending Appeal, at 2.) According to the Government, Weekes provided no credible evidence that he made any effort to locate Brown before the trial, to obtain Brown's testimony, or to establish Brown's unavailability to testify. During trial, Weekes asserted that he had attempted unsuccessfully to contact Brown "through an old girlfriend," but the Government maintains that defendant took inadequate steps to establish Brown's unavailability for trial: Weekes failed to subpoena Brown at his last known address, failed to request a trial continuance to locate Brown, and failed to subpoena Brown's relatives or former girlfriend for a pretrial hearing to establish Brown's purported statement and his unavailability. Finally, the Government argues that even if Weekes had been allowed to testify to Brown's alleged statement, the statement is inconsistent with much of the trial evidence and would not have resulted in an acquittal.

      Weekes' post-trial encounter with Brown is not grounds for a new trial. To grant a new trial, a district court must find the defendant has shown that: "(1) the evidence was unknown or unavailable to the defendant at the time of trial; (2) the failure to learn of it was not a result of the defendant's poor diligence; (3) the new evidence is material; and (4) the impact of the new evidence is so strong that an acquittal would probably result upon retrial." United States v. Levy-Cordero, 67 F.3d 1002, 1018 (1st Cir. 1995). Here, Weekes had known of Brown's alleged statement "well prior to trial" (Def.'s Mot. for Release Pending Appeal, at 2) and had attempted to submit such statement during trial (Def.'s Mot. for New Trial and Re-sentencing, Ex. 6, Excerpt from Day 3 Trial Transcript). Weekes, however, failed to take sufficient steps to establish that Brown was unavailable to testify. Actions that he could have taken to demonstrate Brown's unavailability include seeking a subpoena to compel Brown's testimony (see Levy-Cordero, 67 F.3d at 1018), requesting a continuance so that Weekes could locate his acquaintance (see United States v. Ortiz, 23 F.3d 21, 27 (1st Cir. 1994), see also United States v. Wright, 625 F.2d 1017, 1019 (1st 1980)), or seeking the district court's assistance in securing Brown's presence by means of the judicial process (see Ortiz, 23 F.3d at 27). Weekes did not undertake any of these steps and merely claimed that he had attempted unsuccessfully to contact Brown through a former girlfriend. Def.'s Mot. for New Trial and Re-sentencing, Ex. 6, Excerpt from Day 3 Trial Transcript. Not only did defendant fail to establish that Brown was unavailable to testify during trial, but Weekes' allegations that Brown remains unavailable do not somehow cure his prior failure. Weekes,

therefore, has no basis for seeking a new trial on these grounds.

The Motion for New Trial and Re-sentencing is therefore DENIED.

It is so ordered.

Dated:   June 25, 2008
         Boston, Massachusetts      /s/ Morris E. Lasker
                                         U.S.D.J.