UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 04-CR-10385-MEL |
| ) | |
| JEROME WEEKES ) | |
| ) | |
| ) | |

## OPPOSITION TO MOTION FOR RECONSIDERATION

The United States opposes defendant Jerome Weekes'("Weekes") Motion for Reconsideration. In support of its opposition, the government states that Weekes' motion fails for the following reasons.

1. Weekes' Motion fails as a motion for new trial pursuant to Fed. R. Crim. P. 33. In particular, Weekes' inability to establish that Kelvin Brown was unavailable at trial is not a basis for a new trial pursuant to Rule 33. As the government argued in its Opposition to Weekes' original motion, and as the Court found in its Order denying Weekes' motion[1], that Weekes did not establish that Brown was unavailable to testify at trial is

---

[1] See the Court's Order dated June 25, 2008, at p.2: "During **trial**, defense counsel noted that Brown had refused to relate his involvement in the situation and that further attempts to contact Brown had been unsuccessful. Brown's alleged statement, however, was not allowed into evidence [at trial] because **Weekes had not established that Brown was unavailable to testify.**" (Emphasis added).

1

not newly discovered evidence. This Court refused to admit Brown's alleged statement **at the trial** precisely because Weekes did not show Brown to be unavailable. See Trial Transcript 9/20/2006 (Day 3 Of Jury Trial) at pp. 9-11. Consequently, because Weekes' motion was not filed within seven days after the verdict, and is not based on "newly discovered evidence", his motion (and motion for reconsideration) pursuant to Rule 33 must be denied. See Fed. R. Crim. P. 33(b)[2].

2. Apparently recognizing that his Rule 33 motion cannot succeed because it is neither based on newly discovered evidence, nor was filed within seven days after the verdict, Weekes now attempts to recast his motion to reconsider as a §2255 petition. His attempt is without merit. First, as a matter of procedure, in his original motion Weekes did not make this claim for relief (based on Kelvin Brown's purported statement and unavailability) pursuant to §2255. The only part of Weekes' original "Motion For New Trial And Re-Sentencing" that was clearly filed pursuant to 28 U.S.C. §2255 was his request to be re-sentenced because he

---

[2] As described in the government's Opposition to Weekes' original motion for a new trial, there are also many reasons why Weekes' motion fails on the merits: 1. Brown's purported statement is not newly discovered evidence (see government's Opposition at pp.6-7); 2. There is no credible evidence that Brown was unavailable at trial (see government's Opposition at pp. 7-11); 3. Brown's alleged statement will not result in acquittal upon retrial (see government's Opposition at pp.11-13); and 4. Even assuming it qualified as newly discovered, Brown's alleged statement is not admissible evidence (see government's Opposition at pp.13-15).

believes he was improperly determined to be an Armed Career Criminal pursuant to 18 U.S.C. §924(e). (See the original Motion For New Trial And Re-Sentencing at pp.19-20: " As explained above, in addition to seeking a new trial pursuant to Rule 33, the defendant is requesting re-sentencing pursuant to 28 U.S.C. §2255". Id. At p.19[3]). Moreover, as noted in the government's Opposition to his original motion (see pp. 15-16), Weekes' direct appeal of his conviction is now pending, and a district court should not consider a Section 2255 motion while the appeal is pending absent "extraordinary circumstances", none of which are present here. United States v. Luciano-Mosquera, 63 F.3d 1142, 1158 n.9 (1st Cir. 1995); United States v. Gordon, 634 F.2d 638 (1st Cir. 1980); United States v. Rangel, 2008 WL787114 (10th Cir. 2008); United States v. Dunham, 240 F.3d 1328, 1329 (11th Cir. 2001); United States v. Barger, 178 F.3d 844, 848, (7th Cir. 1999).

   3. Even assuming, for the sake of argument, that Weekes' motion was properly filed as a claim of ineffective assistance of counsel pursuant to 28 U.S.C. §2255, it is without merit. A petitioner claiming ineffective assistance of counsel must show not only that his attorney's performance was deficient ("so

---

[3] It is not entirely clear whether Weekes' claim that his right to an impartial jury was violated is made pursuant to 28 U.S.C. §2255 in addition to Rule 33. (It is plainly made pursuant to Rule 33, as it seeks a new trial based on "newly discovered evidence." See Weekes' original motion at p.5).

inferior as to be objectively unreasonable", <u>Bucuvalas v. United States</u>, 98 F.3d 652, 658 (1st Cir. 1996)), but also that but for his counsel's deficient performance, the outcome (here, of the trial) would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668,687 (1984); <u>United States v. Hart</u>, 933 F.2d 80, 83 (1st Cir. 1991); <u>Carsetti v. Maine</u>, 922 F.2d 1007, 1012 (1st Cir. 1991). Weekes has not, and can not, make that showing.

Even if Weekes' counsel had been able to establish before trial that Kelvin Brown was "unavailable" to testify (the alleged ineffectiveness was that he did not), that could not have changed the result at trial. That is because Brown's purported statement to Weekes, which Weekes sought to have admitted into evidence as a statement against interest under Fed.R.Evid.804(b)(3), and which Weekes now claims would change the result at trial (see Motion for Reconsideration at p.2), **is not admissible** as a statement against interest. As Rule 804(b)(3) itself states, for a statement "tending to expose the declarant to criminal liability and offered to exculpate the accused" (like Brown's) to be admissible under Rule 804(b)(3), it must be shown, among other things, that "corroborating circumstances clearly indicate the trustworthiness of the statement." Fed.R.Evid. 804(b)(3). As noted in the government's Opposition to Weekes' original motion (see Opposition at pp. 13-15), to establish the trustworthiness of a statement, "[T]he strictures of Rule 804(b)(3) cannot be

satisfied by a showing of speculative possibilities, but, rather, demand meaningful corroboration of proffered testimony." United States v. Bradshaw, 281 F.3d 278, 286 (1st Cir. 2002). The requirement for corroboration goes "beyond minimal corroboration". Id. As also described in the government's Opposition to Weekes' original motion (see Opposition at pp.9-13), there exists **no** corroboration of Brown's alleged statement. Simply stated, there is not a shred of evidence establishing the occurrence, or content, of Brown's statement other than Weekes' self-serving, unsworn claim[4]. It is hard to imagine a more untrustworthy statement than the completely uncorroborated statement of a criminal defendant that someone (whom he says he can't find) told him that he, not the defendant, committed the crime. Consequently, Brown's alleged statement is not admissible pursuant to Rule 804(b)(3). Bradshaw, 281 F.3d at 286.

   4. Even assuming Brown's purported statement was admissible as a statement against interest, Weekes' §2255 petition would fail because Brown's statement would not have changed the outcome at

---

[4] Weekes' apparent suggestion that Brown's purported statement is corroborated by the fact that Brown was initially charged with possession of a firearm (charges later dismissed) is misleading and false. As Brockton Police Officer Michael Darrah testified at trial, both Weekes and Brown were initially charged with the same firearms charges before the gun was found (over the fence where Weekes escaped and next to Weekes' cellphone) based on Brockton Police Department policy that in a case involving the firing of a gun, until it is known who actually had the gun, "[E]veryone gets charged the same way". See Transcript, September 20, 2006 (Day 3 of Jury Trial), at p.68.

5

trial. Strickland, 466 U.S. at 687; Hart, 933 F.2d at 83; Carsetti, 922 F.2d at 1012. As described in the government's Opposition to Weekes' original motion, Brown's purported statement is inconsistent with virtually all the evidence at trial (and all the evidence necessarily accepted by the jury to convict). See the government's Opposition at pp. 11-13. In addition, as also noted in the government's Opposition, Brown's alleged statement as well as Weekes' claim that Brown made the statement are both completely uncorroborated. The trial was, in large part, a credibility contest between Weekes (who testified) and the law enforcement officers who testified. In convicting Weekes, the jury necessarily rejected his entire testimony. It is unlikely that a jury hearing the same evidence would find Weekes (and his self-serving, uncorroborated story about what happened) credible because of a self-serving, completely uncorroborated statement that Weekes testifies Brown made to him.(See generally, the government's Opposition to Weekes' original motion at pp.11-13).

**Conclusion**

For the aforementioned reasons, Weekes' motion should be denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/Christopher F. Bator
Assistant U.S. Attorney

6

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by electronic filing upon all counsel of record.

                                        <u>/s/Christopher F. Bator</u>
                                        Assistant U.S. Attorney
                                        Date: July 16, 2008