UNITED STATES OF AMERICA
DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 2004-10385-MEL

UNITED STATES OF AMERICA

V.

JEROME WEEKES

### RESPONSE TO OPPOSITION TO MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION FOR NEW TRIAL AND REQUEST FOR RULING ON CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL

Now comes the defendant and files this response to the government's opposition to the defendant's claim of ineffective assistance of counsel. The government contends that Weekes's contention that Brown admitted to him that Brown carried the gun from the City Hall Annex parking lot to the Verizon parking lot is uncorroborated. The government stated that Weekes's suggestion that the fact that Brown was initially charged possessing the gun in October 2004 serves as corroboration is "misleading and false". (Gov. Opp., p. 5, fn. 4) The government claimed that Brown was charged with possessing the gun "before the gun was found" based on a Brockton Police policy. The government pointed to the trial testimony of Brockton Police Officer Michael Darrah, who stated that pursuant to police policy, until it is known who actually had the gun, "[E]veryone gets charged the same way". (Id.)

The government continues to misstate the facts and/or seeks to influence this Court with inaccurate police testimony.

Previously the government tried to convince the Court that Weekes testified that he and Brown ran towards the dark SUV from which a person was shooting at them. (See Defendant's Supplemental Memorandum in Support of Motion for New Trial, pp. 4-5). Now, the government seeks to convince the Court that Brown was only initially charged by the police with possessing the gun for a short time until the gun was found.

During the early morning hours of Saturday, October 23, 2004, the police may have charged Brown with the gun before it was found, but Brown was arraigned on the Brockton District Court criminal complaint alleging that he possessed the gun a number of days later (Monday, October 25, 2004).[1]

---

[1]
 Defense counsel has attached a certified copy of Brown's Brockton docket sheet, number 0415 CR 7667. The docket sheet demonstrates that on October 25 (which is two days after the police arrested Weekes and Brown and had discovered the gun wherever it was discovered) an application was made for a criminal complaint.

 Brown was charged with carrying a firearm without a license, possessing a firearm without a FID card and discharging a firearm within 500 feet of a building.

 1.   The application was allowed and a complaint against Brown was issued on October 25, 2004.

 2.   Brown was arraigned on October 25, 2004.

 3.   There were pretrial conferences on December 14, 2004 and January 27, 2005.

 4.   On March 15, 2005, Brown's motion to dismiss was allowed by the court, over the Commonwealth's objection.

This Court should take judicial notice that in Massachusetts district courts, in the ordinary course, a criminal complaint is issued only after a police officer applies for one with the Court Clerk when the court is open. Thus, in order for a complaint to have issued against Brown, a Brockton police officer went to the Brockton Court on Monday, October 25, 2004 and applied for the complaint.

Weekes's contention that a criminal complaint, charging Brown with possessing the gun, was issued in October 2004 against Brown and not dismissed until months later is not false. It is not misleading. It is accurate and serves as at least some corroboration that Brown admitted to Weekes that Brown possessed the gun. If the police didn't believe that Brown possessed the gun on October 23, 2004, the police wouldn't have applied for a complaint two days later, by which time the police knew where the gun was discovered. On March 15, 2005, the Commonwealth of Massachusetts wouldn't have objected to Brown's motion to dismiss if there wasn't evidence indicating that Brown possessed the gun on October 23, 2004.

The only misleading and false suggestion made to this Court is the United States's contention that Brown was only initially charged by the police with possessing the gun for a short time until the gun was found.

```
                              Respectfully Submitted,
                              JEROME WEEKES,

                              By his attorney:


                              _____
                              J. THOMAS KERNER
                              MA BBO # 552373
                              343 Commercial St. Unit 104
                              Boston, MA  02109
                              (617) 720-5509
```

| RECORD OF CRIMINAL CASE | DOCKET NO. 0415 CR 007667 | Trial Court of Massachusetts District Court Department |
|---|---|---|

| DEFENDANT NAME KELVIN BROWN | COURT NAME & ADDRESS BROCKTON DISTRICT COURT 215 MAIN ST P.O. BOX 7610 BROCKTON MA 02303-7610 (508) 587-8000 |
|---|---|
| DEFENDANT ALIAS(ES) | |

| DEFENDANT ADDRESS 70 HAWTHORNE STREET | CITY / TOWN ROSLINDALE | STATE MA | ZIP CODE 02131 |
|---|---|---|---|
| SEX M | DATE OF BIRTH 6/09/81 | CITY OF BIRTH BOSTON | STATE OF BIRTH MA | SOCIAL SECURITY NO. 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 |
| MOTHER'S MAIDEN NAME CLARISOL, CORA | | FATHER'S NAME KELVIN | |
| PCF NO. 2315621 | SID NO. | DRIVERS LICENSE NO. | LICENSE STATE |

### CASE INFORMATION

| NO. COUNTS 5 | POLICE DEPT BRO | POLICE INCIDENT NO. 04013510 | OFFENSE LOCATION BROCKTON | ARREST DATE 10/23/04 | MV CITATION NO. |
|---|---|---|---|---|---|
| CURRENT DEFENSE ATTORNEY JOHN P. BENZAN | | | ATTORNEY TYPE PRIVATE COUNSEL | | |
| CURRENT PROSECUTOR | | | COMPLAINANT CESARINI, SGT. ANDREW H. | | |

### OFFENSE AND JUDGMENT INFORMATION

```
COUNT:    1 OFFENSE DATE: OCTOBER 23, 2004
 269/10/J       FIREARM, CARRY WITHOUT LICENSE

JUDGMENT DATE: 3/15/05              JUDGMENT JUDGE: HON. DAVID G. NAGLE JR.
JUDGMENT METHOD: DISMISSED          JUDGMENT: DISMISSED

COUNT:    2 OFFENSE DATE: OCTOBER 23, 2004
 269/10/G       FIREARM WITHOUT FID CARD, POSSESS

JUDGMENT DATE: 3/15/05              JUDGMENT JUDGE: HON. DAVID G. NAGLE JR.
JUDGMENT METHOD: DISMISSED          JUDGMENT: DISMISSED

COUNT:    3 OFFENSE DATE: OCTOBER 23, 2004
 272/53/F       DISORDERLY CONDUCT

JUDGMENT DATE: 3/22/05              JUDGMENT JUDGE: HON. DAVID G. NAGLE JR.
JUDGMENT METHOD: HEARING            JUDGMENT: DISMISSED

COUNT:    4 OFFENSE DATE: OCTOBER 23, 2004
 266/120        TRESPASS

JUDGMENT DATE: 3/22/05              JUDGMENT JUDGE: HON. DAVID G. NAGLE JR.
JUDGMENT METHOD: HEARING            JUDGMENT: DISMISSED

COUNT:    5 OFFENSE DATE: OCTOBER 23, 2004
 269/12E        FIREARM, DISCHARGE WITHIN 500 FT OF BLDG

JUDGMENT DATE: 3/15/05              JUDGMENT JUDGE: HON. DAVID G. NAGLE JR.
JUDGMENT METHOD: DISMISSED          JUDGMENT: DISMISSED
```

| PAGE 1 | DATE RECORD PRINTED 7/28/08 | A TRUE COPY ATTEST | CLERK MAGISTRATE *[signature]* |
|---|---|---|---|

CRF21A 7/28/08 10:55 AM

| RECORD OF CRIMINAL CASE | DOCKET NO.<br>0415 CR 007667 | Trial Court of Massachusetts <br>District Court Department |
|---|---|---|

```
------------------------------------------------------------------------
                         BAIL/BOND INFORMATION
------------------------------------------------------------------------
BAIL TYPE            BOND AMT SET    CASH AMT SET  DATE SET  JUDGE

CASH ONLY                              $500.00    10/25/04  HON. PAUL J. MC CALLUM

------------------------------------------------------------------------
                       FINES/FEES/COSTS ASSESSED
------------------------------------------------------------------------
COUNT # FEE CODE DESC    AMOUNT ASSESSED   AMOUNT PAID/WAIVED   BALANCE DUE

        CT COSTS--COMM        $250.00            $250.00           $.00
        CT COSTS--COMM        $250.00            $250.00           $.00

        TOTAL                 $500.00            $500.00           $.00

------------------------------------------------------------------------
                            PAYMENT HISTORY
------------------------------------------------------------------------
RECEIPT NO.     RECEIPT DATE      RECEIPT AMOUNT     METHOD OF PAYMENT

 145088           3/15/05           $500.00          BAIL APPLIED

------------------------------------------------------------------------
                             BAIL HISTORY
------------------------------------------------------------------------

RECEIPT#:    22611     DATE POSTED: 10/25/2004    AMOUNT POSTED:    $500.00
                       METHOD: CASH

   APPLIED TO FINES/COSTS:    03/15/2005         $500.00

------------------------------------------------------------------------
                             DOCKET ENTRIES
------------------------------------------------------------------------
  DATE       CODE      DOCKET ENTRY                                   JDG/MAG    ACTION DATE

10/25/04    AC        APPLICATION FOR COMPLAINT FILED
10/25/04    ZCI       COMPLAINT ISSUED                                  KML
10/25/04    ARR       ARRAIGNMENT SCHEDULED FOR                                    10/25/04
10/25/04    PI        PROBATION INTAKE FORM PRINTED                     KML
10/25/04              COUNT 4 DISTURBANCE NO PROBALE CAUSE FOUND        KML
10/25/04    AIC       ACTION IN COURT FORM
10/25/04    BRW       BAIL REVOCATION WARNING (276 §58) GIVEN DEFT
10/25/04    ARRH      ARRAIGNMENT HELD                                  PJM        10/25/04
10/25/04    PT        PRETRIAL HEARING SCHEDULED FOR                               12/14/04
10/25/04    DI        DEFT INDIGENT BUT WANTS PRIVATE COUNSEL
10/26/04              PCF CHANGED FROM T0065289
12/14/04    C         CONTINUED                                         DGN        12/14/04
12/14/04    PT        PRETRIAL HEARING SCHEDULED FOR                               1/27/05
12/14/04    PCD       PRIVATE COUNSEL FOR DEFENDANT
12/14/04                  555874   BENZAN, JOHN P.
 1/27/05              ATTORNEY BENZAN NOT PRESENT
 1/27/05    C         CONTINUED                                         DGN        1/27/05
 1/27/05    PT        PRETRIAL HEARING SCHEDULED FOR                               3/15/05
 3/15/05              COMMONWEALTH OBJECTS TO DISMISSAL
 3/15/05    JHH       JUDGE'S HEARING HELD                              DGN        3/15/05
 3/15/05    CFPD      CONTINUED FOR PAYMNT (THEN TO BE DISMD) UNTIL     DGN        3/22/05
 3/15/05    JE        JUDGMENT ENTERED                                  DGN
 3/22/05    PAID      PAYMENT IN FULL CONFIRMED                         DGN        3/22/05
```

| PAGE | DATE DOCKET PRINTED | A TRUE COPY ATTEST | CLERK-MAGISTRATE |
|---|---|---|---|
| 2 | 7/28/08 | | *[signature]* |

CRF21B 7/28/08 10:55 AM

| RECORD OF CRIMINAL CASE | DOCKET NO. 0415 CR 007667 | Trial Court of Massachusetts District Court Department |
|---|---|---|

| | | | | |
|---|---|---|---|---|
| 3/22/05 | ZDD | DEFENDANT DISCHARGED ALL COUNTS; CASE CLOSED | | DGN |
| 3/22/05 | | AMENDED JUDGMENT OR SENTENCE ENTERED | | DGN |

| PAGE | DATE DOCKET PRINTED | A TRUE COPY ATTEST | CLERK-MAGISTRATE |
|---|---|---|---|
| 3 | 7/28/08 | | |

CRF21B 7/28/08 10:55 AM