**E N D O R S E M E N T**

UNITED STATES v. JEROME WEEKES
04-CR-10385-MEL

LASKER, D.J.

      Defendant Jerome Weekes ("Weekes") moves for reconsideration of the June 25, 2008 Order (the "Order") denying his motion for a new trial. Weekes also seeks a ruling on his claim for ineffective assistance of counsel.

      Defendant's counsel asserts that in support of his previous motion for a new trial, filed on February 22, 2008, he provided an affidavit that he believed sufficiently established Kelvin Brown's unavailability at the time of Weekes' trial. (Def.'s Supp. Memo. in Support of Mot. for New Trial, Ex. 1.) The Order found otherwise, stating that Weekes' attorney had not taken adequate steps during trial to show that Brown could not testify. Defense counsel now argues that because of his failure to demonstrate adequately Brown's unavailability at trial, Weekes could not testify to Brown's statement. Defense counsel notes that the jury required several days to deliberate before reaching a verdict, implying that such a long period of time indicated that the jurors were torn over defendant's guilt. Weekes' attorney reasons that if Weekes could have testified to Brown's admission, the jury probably would have acquitted defendant. Defense counsel, therefore, concludes that he was ineffective during trial, and his client is thus entitled to a new trial.

      The United States responds that Weekes again has failed to move for a new trial pursuant to FED. R. CRIM. P. 33. In his motion to reconsider, Weekes argues ineffective assistance of counsel, not newly discovered evidence, as the basis for a new trial. Rule 33(b)(2), however, requires claimants to file a motion within seven days after the verdict is entered if such motion is based on grounds other than newly discovered evidence. The United States thus contends that Weekes' motion is untimely.

      The United States adds that to the extent Weekes is attempting to recast his motion to reconsider as a § 2255 petition, it must be denied. While a defendant's direct appeal of his conviction is pending, a district court should not consider a § 2255 motion absent "extraordinary circumstances." See United States v. Luciano-Mosquera, 63 F.3d 1142, 1158 n.9 (1st Cir. 1995); see also United States v. Gordon, 634 F.2d 638, 638-39 (1st Cir. 1980). Because such circumstances are not present here, Weekes' § 2255 petition must be denied.

      Next, the United States contends that Weekes' ineffective assistance of counsel claim is without merit. A petitioner making such a claim not only must show that his attorney's performance was "so inferior as to be objectively unreasonable", <u>Bucuvalas v. United States</u>, 98 F.3d 652, 658 (1st Cir. 1996), but also that but for his counsel's deficient performance, the trial's outcome would have been different. <u>See Strickland v. Washington</u>, 466 U.S. 668, 687 (1984); <u>see also United States v. Hart</u>, 933 F.2d 80, 83 (1st Cir. 1991). The United States claims that here, even if Weekes' attorney had established Brown's unavailability to testify, thereby avoiding his "ineffectiveness," the trial's result would have been the same: Weekes' counsel still would have been unable to provide corroborating circumstances clearly indicating the trustworthiness of Brown's alleged exculpatory statement. <u>See</u> F<small>ED</small>. R. E<small>VID</small>. 804(b)(3). Without such corroborating evidence, Brown's purported statement remains inadmissible, and the trial outcome would not have differed. And even if the disputed statement had been admitted, the United States maintains that virtually all of the evidence at trial contradicted Brown's alleged admission. The United States reasons that in convicting defendant, "the jury necessarily rejected [Weekes'] entire testimony." (U.S.' Opp. to Mot. for Reconsideration, at 6.) Had Weekes been allowed to testify to Brown's supposed statement, the jury most likely still would not have found his testimony credible and would have convicted him.

      For the reasons as stated above in the United States' Opposition, the Motion for Reconsideration of Order Denying Motion for New Trial and Request for Ruling on Claim of Ineffective Assistance of Counsel are therefore DENIED.

      It is so ordered.

Dated:   August 28, 2008
          Boston, Massachusetts    <u>/s/ Morris E. Lasker</u>
                                                 U.S.D.J.